Date Signed:
January 9, 2020



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>ROLLOFFS HAWAII, LLC,<br><br>　　　　Debtor. | Case No. 16-01294<br>Chapter 7 |
| DANE S. FIELD, Chapter 7 Trustee of the Estate of Rolloffs Hawaii, LLC,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>TRASHMASTERS, LLC, et al.,<br><br>　　　　Defendant. | Adv. Pro. No. 18-90035<br><br>Dkt. 112 |

### ORDER DENYING KNG DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

The trustee asserts fraudulent transfer and other claims against the Debtor's sole member, TrashMasters LLC, and others, including Kristian Gourlay and the KNG Group, LLC ("KNG defendants"). The KNG defendants move for judgment on the

pleadings in their favor on counts 21 through 43 of the Trustee's First Amended Complaint ("FAC").

Another group of defendants (the "Corridor/SPB defendants") has filed a motion to dismiss the FAC. The KNG defendants' motion and the Corridor/SPB defendants' motion overlap significantly. The KNG defendants' motion makes substantially similar arguments to those in the Corridor/SPB defendants' motion and seeks judgment on only one claim not challenged by the Corridor/SPB defendants' motion. Because of the similarities between the two parties' arguments, I will confine my discussion to arguments not raised in the motion to dismiss. As to the remaining counts (counts 21 through 42), the motion is DENIED for the same reasons given in my decision on the Corridor/SPB defendants' motion to dismiss, which is being entered concurrently with this decision.

<u>Standard</u>. A party may move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) after the pleadings are closed, but early enough to avoid delaying trial. "Judgment on the pleadings is properly granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law."[1] Though the court considers all of the pleadings rather than just the complaint, "[a]nalysis under Rule

---

[1] *Chavez v. U.S.*, 683 F.3d 1102, 1108 (9th Cir. 2012) (brackets omitted) (quoting *Fleming v. Pickard*, 581 F.3d 922, 9235 (9th Cir. 2009)).

U.S. Bankruptcy Court - Hawaii   #18-90035   Dkt # 152   Filed  01/09/20   Page 2 of 4

12(c) is 'substantially identical' to analysis under Rule 12(b)(6) because, under both rules, 'a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy.'"[2]

<u>Unjust Enrichment (Count 43)</u>. The only count challenged by the KNG defendants that was left unchallenged by the Corridor/SPB defendants' motion to dismiss is Count 43, the Trustee's claim for unjust enrichment.[3] The KNG defendants argue that the Trustee's claim for unjust enrichment is made "in such a lumped, vague and ambiguous manner that it is fatally defective[.]"[4] The motion contains no legal citations and no further description of which specific allegations in the complaint are defective or what would be required to state a valid claim.

"A valid 'claim for unjust enrichment requires only that a plaintiff prove that he or she conferred a benefit upon the opposing party and that the retention of that benefit would be unjust.'"[5] Unjust enrichment is an equitable remedy invoked "when legal remedies [are] inadequate."[6] In the event that the Trustee's other claims fail, he

---

[2] *Id.* (quoting *Brooks v. Dunlop Mfg. Inc.*, No. C 10-04341 CRB, 2011 WL 6140912, at *3 (N.D. Cal. Dec. 9, 2011), *aff'd*, 702 F.3d 624 (Fed. Cir. 2012)).

[3] The Corridor/SPB defendants challenged a similar count in their motion to dismiss the original complaint, but I rejected their argument. Dkt. 63 at 22.

[4] Dkt. 112 at 25.

[5] *Porter v. Hu*, 169 P.3d 994, 1007 (Haw. App. 2007) (quoting *Durette v. Aloha Plastic Recycling, Inc.*, 100 P.3d 60, 74 (Haw. 2004)).

[6] *Id.* (quoting *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 509 (1959)).

3

may still assert that the defendants received a benefit from the debtor, the retention of which would be unjust. The FAC contains adequate allegations to plausibly state such a claim. Accordingly, the KNG defendants' motion is denied as to count 42.

## END OF ORDER

U.S. Bankruptcy Court - Hawaii   #18-90035   Dkt # 152   Filed  01/09/20   Page 4 of 4