

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re | Case No.: 16-01294 |
| ROLLOFFS HAWAII, LLC, | Chapter 7 |
| Debtor. | |
| | Adv. Pro. No. 18-90035 |
| DANE S. FIELD, Chapter 7 Trustee for the Estate of Rolloffs of Hawaii, LLC, | |
| Plaintiff, | |
| vs. | |
| TRASHMASTERS, LLC; CORRIDOR CAPITAL, LLC; CORRIDOR CAPITAL ADVISORS, LLC, et al., | Re: Dkt. No. 180 |
| Defendants. | |

## FINDINGS OF FACT AND RECOMMENDED
## <u>JUDGMENT REGARDING GOOD FAITH SETTLEMENT</u>

For the reasons that follow, I respectfully recommend that the district court enter a judgment, substantially in the form attached as Exhibit "A," determining (in summary) that a settlement between the plaintiff and certain of the defendants has been entered into in good faith, for purposes of Haw. Rev. Stat. § 663-15.5.

The plaintiff in this adversary proceeding is the chapter 7 bankruptcy trustee of Rolloffs Hawaii, LLC ("Rolloffs"). In his complaint, the trustee alleges (in brief summary) that the defendants breached duties they owed to Rolloffs and received avoidable transfers from Rolloffs.

The trustee has also filed a separate adversary proceeding to avoid and recover payments made to certain other defendants.

The defendants in both adversary proceedings have vigorously contested the trustee's allegations.[1]

The trustee has negotiated a settlement with certain of the defendants identified in the attached proposed judgment as TrashMasters, the Corridor Defendants, and the SPB Defendants. In the main bankruptcy case, I have approved the settlement and authorized the trustee to enter into it. Exhibit "B," attached hereto, is the order approving the settlement, to which is attached a copy of the settlement agreement.

---

[1] With two exceptions: defendant Brian Colbeck died on May 9, 2019, after the trustee filed the adversary proceedings, dkts. 64 & 65, so neither he nor his company, Colbeck Consulting, LLC, have mounted a defense. The trustee states that he has abandoned but not yet dismissed his claims against the Colbeck defendants.

U.S. Bankruptcy Court - Hawaii   #18-90035   Dkt # 214   Filed  08/25/20   Page 2 of 90

This settlement will resolve the trustee's claims against the settling defendants in both adversary proceedings. The trustee's claims against the other defendants remain pending.

Pursuant to the settlement agreement, the settling defendants will pay the trustee a total of $1,700,000.00. The settling defendants' obligations are subject, however, to the entry of the district court determining that the settlement agreement was made in good faith pursuant to Haw. Rev. Stat. § 663-15.5. This determination will bar claims and cross-claims by the non-settling defendants against the settling defendants. (The parties want the district court to make this determination, rather than the bankruptcy court, due to the constitutional limitations on the bankruptcy court's decision-making power. *Stern v. Marshall*, 564 U.S. 462 (2011).)

On July 10, 2020, the trustee filed a motion asking the bankruptcy court to recommend that the district court make the good faith determination. A copy of the motion is attached as Exhibit "C." The motion set out the legal basis and supporting evidence for the trustee's request. The trustee served the motion on all parties to the adversary proceedings. None of the defendants whose claims would be affected by the good faith determination objected or responded to the motion.

Based on the evidence and arguments presented by the trustee, and the failure of any of the non-settling defendants to respond or object to the trustee's motion, I find that the trustee and the settling defendants have entered into the settlement in

U.S. Bankruptcy Court - Hawaii   #18-90035   Dkt # 214   Filed  08/25/20   Page 3 of 90

good faith within the meaning of Haw. Rev. Stat. § 663-15.5, and I respectfully recommend that the district court enter a judgment substantially in the form of Exhibit "A."

END OF FINDINGS AND RECOMMENDATION

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

In re

ROLLOFFS HAWAII, LLC,

        Debtor.

---

DANE S. FIELD, Chapter 7 Trustee for the Estate of Rolloffs Hawaii, LLC,

        Plaintiff,

        v.

TRASHMASTERS, LLC; CORRIDOR CAPITAL LLC; CORRIDOR CAPITAL ADVISORS, LLC; CORRIDOR TRASHMASTERS, L.P.; SPB MANAGEMENT, LLC; SPB WASTE, LLC; SPB CAPITAL GP, LLC; SPB CAPITAL PARTNERS, L.P.; SPB PARTNERS, LLC; CRAIG ENENSTEIN; L. GEOFFREY GREULICH; EDWARD A. MONNIER; JESSAMYN DAVIS; ARI D. BASS; SCOTT R. BULLOCH; KENNETH M. PRESSBERG; KRISTIAN GOURLAY; DOUGLAS L. ASAY; DOUGLAS D. ASAY; CHARLES E. LEONARD; BRIAN COLBECK [ESTATE OF BRIAN COLBECK]; ROLLOFFS HAWAII, INC.; THE KNG GROUP, LLC; COLBECK CONSULTING LLC; JOHN DOES 1-50; JANE DOES 1-50;

Civil No. _____

U.S. Bankruptcy Court-Hawaii
Case No. 16-01294 (Chapter 7)

Adversary Proceeding No. 18-90035

**FINAL ORDER AND JUDGMENT ADOPTING RECOMMENDATION RE: TRUSTEE'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT [RE: TRASHMASTERS, CORRIDOR AND SPB DEFENDANTS]**

EXHIBIT "A"

DOE CORPORATIONS 1-50; DOE
PARTNERSHIPS 1-50; DOE
ENTITIES 1-50,

          Defendants.

---

DANE S. FIELD, Chapter 7 Trustee for
the Estate of Rolloffs Hawaii, LLC

          Plaintiff,

          v.

TRASHMASTERS, LLC; COLBECK
CONSULTING LLC; BRIAN
COLBECK; JOHN DOES 1-50; JANE
DOES 1-50; DOE CORPORATIONS
1-50; PARTNERSHIPS 1-50; DOE
ENTITIES 1-50,

          Defendants.

Adversary Proceeding No. 18-90034

## FINAL ORDER AND JUDGMENT ADOPTING RECOMMENDATION RE: TRUSTEE'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT [RE: TRASHMASTERS, CORRIDOR, AND SPB DEFENDANTS]

On _____, 2020, the United States Bankruptcy Judge Robert J. Faris issued a Report and Recommendation to the District Court in which he recommended that this Court grant the Trustee's Petition for Determination of Good Faith Settlement [Re: TrashMasters, Corridor, and SPB Defendants], filed on _____, 2020 (the "Petition").

- 2 -

U.S. Bankruptcy Court - Hawaii  #18-90035  Dkt # 214  Filed  08/25/20  Page 6 of 90

The Court having reviewed and considered the Report and Recommendation and all relevant filings, and having found that good cause exists,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      The Court adopts the Report and Recommendation of the Bankruptcy Court.

2.      The Petition is Granted.

3.      Based upon the totality of the circumstances, the settlement entered into between the Plaintiff Trustee DANE S. FIELD (the "Trustee"), and Defendants (i) TRASHMASTERS, LLC; ("TrashMasters"); (ii) CORRIDOR CAPITAL LLC; CORRIDOR CAPITAL ADVISORS, LLC; CORRIDOR TRASHMASTERS, L.P.; CRAIG ENENSTEIN; L. GEOFFREY GREULICH; EDWARD A. MONNIER; and JESSAMYN DAVIS (collectively the "Corridor Defendants"), and (iii) SPB MANAGEMENT, LLC; SPB WASTE, LLC; SPB CAPITAL GP, LLC; SPB CAPITAL PARTNERS, L.P.; SPB PARTNERS, LLC; ARI D. BASS; SCOTT R. BULLOCH; and KENNETH M. PRESSBERG (collectively the "SPB Defendants", and together with TrashMasters and Corridor Defendants, the "Settling Defendants") as set forth in the Settlement Agreement ("Settlement Agreement"), a copy of which is attached to the Petition as Exhibit "1", was made in good faith, within the meaning of Haw. Rev. Stat. § 663-15.5.

4.     Each of the Settling Defendants and those persons or entities covered by the Releases set forth in the Settlement Agreement are discharged and dismissed with prejudice from all claims, cross-claims, counterclaims and third-party claims (however denominated), except those that may be based on a written indemnity agreement, filed or that could be filed or asserted by Defendants KRISTIAN GOURLAY; DOUGLAS L. ASAY; DOUGLAS D. ASAY; CHARLES E. LEONARD; ROLLOFFS HAWAII, INC.; THE KNG GROUP, LLC; BRIAN COLBECK [ESTATE OF BRIAN COLBECK]; and COLBECK CONSULTING, LLC (the "Non-Settling Defendants"), and any other defendant, third-party defendant, party or any other joint tortfeasor or co-obligor arising out of, or relating to, any of the damages, injuries or losses sustained, or alleged to be sustained, by the Trustee or the bankruptcy estate of Rolloffs Hawaii, LLC, in connection with or arising out of the matters covered by the Releases set forth in the Settlement Agreement.  All such claims by the Non-Settling Defendants against the Settling Defendants are expressly barred by this Order.

5.     There being no just reason for delay, this order and judgment shall be final, and subject to appeal, pursuant to Fed. R. Civ. P. 54(b) and Fed. R. Bankr. P. 7054.

**END OF FINAL ORDER AND JUDGMENT**

127426_6 (002).docx



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF HAWAII

In re

ROLLOFFS HAWAII, LLC,

Debtor.

Case No. 16-01294
(Chapter 7)

**ORDER GRANTING TRUSTEE'S MOTION FOR ORDER APPROVING SETTLEMENT AGREEMENT WITH DEFENDANT TRASHMASTERS, LLC, THE CORRIDOR DEFENDANTS AND THE SPB DEFENDANTS, FILED ON JULY 10, 2020; EXHIBIT "1"**

<u>Hearing</u>
Date:   August 17, 2020
Time:  10:30 a.m.
Judge: Honorable Robert J. Faris

Related Docket No. 557

## ORDER GRANTING TRUSTEE'S MOTION FOR ORDER APPROVING SETTLEMENT AGREEMENT WITH DEFENDANT TRASHMASTERS, LLC, THE CORRIDOR DEFENDANTS AND THE SPB DEFENDANTS <u>FILED ON JULY 10, 2020</u>

128662.docx

EXHIBIT "B"

On July 10, 2020, DANE S. FIELD (the "Trustee"), the duly-appointed bankruptcy trustee of the estate of Debtor Rolloffs Hawaii, LLC filed the Trustee's Motion for Order Approving Settlement Agreement with Defendant TrashMasters, LLC, the Corridor Defendants and the SPB Defendants ("the Motion").

The Motion came on for telephonic hearing on August 17, 2020 at 10:30 a.m. before the Honorable Robert J. Faris, United States Bankruptcy Judge. Simon Klevansky and Ka'ala Duffy appeared on behalf of the Trustee. The Trustee was also in attendance. Kenneth H. Brown and Chuck C. Choi appeared on behalf of Defendants TrashMasters, LLC, the Corridor Defendants, and the SPB Defendants, as defined below. Wayne K.T. Mau appeared on behalf of Creditor American Savings Bank, F.S.B. There were no objections to the Motion.

The Court has read the Motion, and the memorandum, declaration, exhibits, and statement filed in support of the Motion, and has heard the statements of counsel at the hearing. Good cause appearing, and for the reasons stated by the Court on the record,

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      The Settlement Agreement, dated July 3, 2020 (the "Settlement Agreement"), by and among (i) the Trustee, (ii) TrashMasters, LLC, (iii) Corridor

U.S. Bankruptcy Court - Hawaii   #16-90023   Dkt # 2170   Filed 08/25/20   Page 10 of 90

Capital, LLC; Corridor Capital Advisors, LLC; Corridor TrashMasters, L.P.; Craig Enenstein; L. Geoffrey Greulich; Edward A. Monnier; and Jessamyn Davis (collectively, the "Corridor Defendants"), and (iv) SPB Management, LLC; SPB Waste, LLC; SPB Capital GP, LLC; SPB Capital Partners, L.P.; SPB Partners, LLC; Ari D. Bass; Scott R. Bulloch; and Kenneth M. Pressberg (collectively, the "SPB Defendants"), attached hereto as Exhibit "1" is APPROVED.

3.    The Trustee is further authorized to execute the Settlement Agreement and such other documents as may be necessary or appropriate to effectuate the intent of the Settlement Agreement.

**END OF ORDER**

Submitted by:

KLEVANSKY PIPER, LLP
SIMON KLEVANSKY
ALIKA L. PIPER
CARISA LIMA KA'ALA DUFFY
841 Bishop Street, Suite 1707
Honolulu, Hawaii 96813
Telephone:  (808) 536-0200
Facsimile:  (808) 237-5758
E-Mail:  sklevansky@kplawhawaii.com;
apiper@kplawhawaii.com; kduffy@kplawhawaii.com
Attorneys for Trustee DANE S. FIELD

---

In re Rolloffs Hawaii, LLC, Debtor, Case No. 16-01294, United States Bankruptcy Court, District of Hawaii; ORDER GRANTING TRUSTEE'S MOTION FOR ORDER APPROVING SETTLEMENT AGREEMENT WITH DEFENDANT TRASHMASTERS, LLC, THE CORRIDOR DEFENDANTS AND THE SPB DEFENDANTS; EXHIBIT "1"

# EXHIBIT "1"

# SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT (the "Settlement Agreement") is made this _____ 3rd _____ day of _____ July _____ 2020, by and among **DANE S. FIELD** (the "Trustee"), the Chapter 7 bankruptcy trustee in the case entitled In re Rolloffs Hawaii, LLC, Bk. No. 16-01294, United States Bankruptcy Court for the District of Hawaii (the "Bankruptcy Court"), whose address is c/o Klevansky Piper, LLP, 841 Bishop Street, Suite 1707, Honolulu, Hawaii 96813, and **(i) TRASHMASTERS, LLC;** ("TrashMasters") **(ii) CORRIDOR CAPITAL, LLC; CORRIDOR CAPITAL ADVISORS, LLC; CORRIDOR TRASHMASTERS, L.P.; CRAIG ENENSTEIN; L. GEOFFREY GREULICH; EDWARD A. MONNIER;** and **JESSAMYN DAVIS** (collectively the "Corridor Defendants"), **and (iii) SPB MANAGEMENT, LLC; SPB WASTE, LLC; SPB CAPITAL GP, LLC; SPB CAPITAL PARTNERS, L.P.; SPB PARTNERS, LLC; ARI D. BASS; SCOTT R. BULLOCH; and KENNETH M. PRESSBERG** (collectively the "SPB Defendants"), whose address is c/o Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, California 94111. (Collectively TrashMasters, the Corridor Defendants, and the SPB Defendants are referred to herein as the "Settling Defendants".)

## RECITALS

A. On December 9, 2016, Debtor Rolloffs Hawaii, LLC (the "Debtor") filed a petition for Chapter 11 bankruptcy in the Bankruptcy Court. On January 17, 2017, the Bankruptcy Court having considered the United States Trustee's Ex Parte Application for Approval of Appointment of Chapter 11 Trustee ordered the appointment of Dane S. Field as Trustee. On September 18, 2017, the case was converted to a Chapter 7 case, and Dane S. Field appointed the Chapter 7 Trustee of the bankruptcy estate of the Debtor.

B. On December 7, 2018, the Trustee commenced an adversary proceeding against the Settling Defendants as well as other defendants in the case entitled Field v. TrashMasters, LLC, et al., Adversary Proceeding No. 18-90035 (the "Main Adversary"). In the Main Adversary, the Trustee alleged various claims of fraudulent conveyances/transfers, breaches of fiduciary duties, conspiracy, aiding and abetting, alter ego, single business enterprise, and unjust enrichment. Among the claims made against the Settling Defendants, was the Trustee's claim that Corridor Capital, LLC and SPB Management, LLC directly received from the Debtor, as initial transferees, approximately $1.8M in advisory fees, which the Trustee alleged was a fraudulent conveyance/transfer and a breach of the Settling Defendants' fiduciary duties to the Debtor and the Debtor's creditors.

C. On December 6, 2018, the Trustee commenced a smaller adversary proceeding against TrashMasters, LLC, Colbeck Consulting, LLC, and Brian Colbeck in the case entitled Field v. TrashMasters, LLC, et al., Adversary Proceeding No. 18-90034 (the "Colbeck Adversary"). In the Colbeck Adversary, the Trustee sought to recover under 11 U.S.C. §§ 547, 548 and 550, $24,000.00 in payments the Debtor had made to defendants Brian Colbeck and/or Colbeck Consulting, LLC within the 90 days prior to the Debtor's petition.

U.S. Bankruptcy Court - Hawaii   #18-90035   Dkt # 257-0   Filed 08/25/20   Page 13 of 90

D.    On June 25, 2019, the Court denied the Settling Defendants' first motion to dismiss, filed on February 15, 2019, but required the Trustee to amend certain of his claims in the Main Adversary.

E.    On July 31, 2019, the Trustee filed his First Amended Complaint in the Main Adversary.

F.    On September 19, 2019, the Settling Defendants filed their second motion to dismiss the Trustee's First Amended Complaint in the Main Adversary, which motion the Court denied on January 9, 2020.

G.    Beginning on May 7, 2020, the Trustee and certain of the Settling Defendants engaged in a private mediation whereby they each agreed to settle their claims, pursuant to the terms and conditions set forth herein.

H.    To avoid the costs associated with continuing to litigate their disputes and related matters, and without admitting liability in any regard, the parties have determined that it is in their respective best interests to settle their respective claims pursuant to the terms set forth herein, subject to approval by the Bankruptcy Court.

NOW THEREFORE, for and in consideration of good and valuable consideration, the sufficiency of which is hereby acknowledged, the parties agree as follows:

1.    **Court Approval and Binding Effect.**  This Settlement Agreement is subject to approval by the Bankruptcy Court.  Upon the Bankruptcy Court's entry of (i) an order approving this Settlement Agreement and (ii) order of the United States District Court finding this Settlement Agreement to have been made in good faith pursuant to Haw. Rev. Stat. § 663-15.5, this Settlement Agreement shall be binding upon all parties, and unless otherwise provided herein, not subject to rescission.

2.    **Effective Date.**    Unless otherwise provided herein, this Settlement Agreement is subject to and shall not become effective until and unless (i) the Settlement Agreement is executed by all parties and approved by their respective counsel; (ii) a final, non-appealable order is entered by the Bankruptcy Court approving all of the terms and conditions set forth in this Settlement Agreement, pursuant to Fed. R. Bankr. P. 9019 ("Settlement Order"); and (iii) entry of a final, non-appealable order of the United States District Court determining this Settlement Agreement to have been made in good faith pursuant to Haw. Rev. Stat. § 663-15.5, barring claims and dismissing cross claims by non-settling defendants in the Main Adversary and Colbeck Adversary ("Good Faith Order") in substantially the form attached hereto as Exhibit "A".  The date the last of these three conditions is satisfied is referred to as the "Effective Date").  Neither the Settlement Order, nor the Good Faith Order shall be considered to be final and non-appealable until after the last day has past to file a notice of appeal of the orders. Both the Settlement Order and Good Faith Order each require entry of a "final, non-appealable order" and when they are referred to in this Settlement Agreement as such, that requirement is intended to be included.  In the event there is a conflict between this Paragraph 2 and any other provision of this Settlement Agreement, this Paragraph 2 shall govern and control.

U.S. Bankruptcy Court - Hawaii   #18-90003-54   Dkt # 2574   Filed 08/25/20   Page 14 of 90

**3.**     **Settlement Payments to Estate.**  Corridor Capital, LLC shall pay to the Trustee the sum of $943,500 (the "Corridor Payment").  SPB Capital Partners, L.P. shall pay to the Trustee the sum of $756,500 (the "SPB Payment").  SPB Management, LLC, SPB Waste, LLC, SPB Capital GP, LLC, and SPB Partners, LLC shall be jointly and severally liable to the Trustee for the SPB Payment.

The Corridor Payment and the SPB Payment shall be made via wire transfer or certified check, and shall be received by the Trustee within five (5) days after the Effective Date, and no earlier.  The failure by Corridor Capital, LLC to make the Corridor Payment within five (5) days of the Effective Date shall entitle the Trustee to collect interest on the amount outstanding at the rate of 10% per annum, from and after the due date of the Corridor Payment.  The failure by SPB Capital Partners, L.P. to make the SPB Payment within five (5) days of the Effective Date shall entitle the Trustee to collect interest on the amount outstanding at the rate of 10% per annum, from and after the due date of the SPB Payment.

**4.**     **Stay as between the Trustee and the Settling Defendants in the Main Adversary and Colbeck Adversary**.  Effective as of the date of this Settlement Agreement, the Main Adversary and Colbeck Adversary shall be stayed as between the Trustee and the Settling Defendants until five (5) days after the Effective Date.  The stay shall not affect the Trustee's prosecution of the estate's claims against the non-settling defendants in the Main Adversary (Kristian Gourlay; Douglas L. Asay; Douglas D. Asay; Charles E. Leonard; Rolloffs Hawaii, Inc.; and The KNG Group, LLC, collectively the "Remaining Defendants").

In the event of an appeal of the Settlement Order or the Good Faith Order, the Settling Defendants and the Trustee agree that: (i) the Main Adversary and the Colbeck Adversary shall remain stayed as between the Trustee and the Settling Defendants during the pendency of any appeals; (ii) the Settling Defendants will not object to the Trustee's severance of the Trustee's claims against the Settling Defendants and the Trustee's continued prosecution of the estate's claims against the Remaining Defendants in the Main Adversary, notwithstanding an appeal; and (iii) during the pendency of the stay between the Trustee and the Settling Defendants, future factual findings and/or legal determinations made in the Main Adversary and Colbeck Adversary shall not be entitled to preclusive effect as between the Settling Defendants or the Trustee, and neither the Settling Defendants, nor the Trustee will assert the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion or law of the case against the other in any proceedings.  In the event of default of any term or provision of this Settlement Agreement, the stay shall be deemed lifted only to permit the non-defaulting party to enforce its claims, rights and defenses arising from said default, and shall not modify the limitation upon preclusive effects set forth herein.

**5.**     **Extension of Trial Date.**  Effective as of the date of this Settlement Agreement, the Settling Defendants shall not object to the extension of the trial date in the Main Adversary as to all parties in the case, to the extent necessary to account for the time the Trustee and Settling Defendants anticipate it will take for entry of the Settlement Order and Good Faith Order.

U.S. Bankruptcy Court - Hawaii   #16-90023   Dkt # 2574   Filed 08/25/20   Page 15 of 90

6. **Releases and Waivers by the Settling Defendants.**

In furnishing the releases and waivers below (i) the Settling Defendants and the Trustee acknowledge and agree that the Good Faith Order shall bar the Remaining Defendants from asserting claims against the Settling Defendants, and result in the dismissal of all cross-claims filed against the Settling Defendants, in accordance with Haw. Rev. Stat. § 663-15.5(d), and, upon the expiration of the Trustee's right to rescind this Settlement Agreement, as set forth herein, the Settling Defendants in turn, and to the same extent, shall release claims they may have against the Remaining Defendants arising out of the Main Adversary or the Colbeck Adversary, and (ii) none of the releases herein shall include claims to enforce the terms of this Settlement Agreement, and such claims are expressly reserved by the Settling Defendants.

a. **Release and Waiver by Corridor Defendants.** Upon the Trustee's release and waiver of the Corridor Defendants, the Corridor Defendants, on each of their own behalf, and on behalf of each of their successors and assigns, members, partners, shareholders, officers, directors, affiliates (excepting TrashMasters), agents, employees, representatives and any other parties claiming through each of them, or on each of their behalf, shall be deemed to have released and waived all claims each may have, or may have had against the Debtor, the Debtor estate and/or the Trustee, and the Trustee's successors and assigns, agents, attorneys, accountants, and representatives, including without limitation any claims related to the transactions which are the subject of the Main Adversary and the Colbeck Adversary, and any other claims asserted, or that could have been asserted, in the Main Adversary and Colbeck Adversary against the Trustee, or any of the Trustee's successors and assigns, agents, attorneys, accountants, employees, representatives, affiliates, the Debtor or the Debtor estate or property; *provided however,* in the event the Trustee rescinds this Settlement Agreement, as to the Corridor Defendants (as set forth in section 7.c), then the Corridor Defendants' release and waiver set forth herein shall likewise be deemed rescinded.

b. **Release and Waiver by SPB Defendants.** Upon the Trustee's release and waiver of the SPB Defendants, the SPB Defendants, on each of their own behalf, and on behalf of each of their successors and assigns, members, partners, shareholders, officers, directors, affiliates (excepting TrashMasters), agents, employees, representatives and any other parties claiming through each of them, or on each of their behalf, shall be deemed to have released and waived all claims each may have, or may have had, against the Debtor, the Debtor estate and/or the Trustee, and the Trustee's successors and assigns, agents, attorneys, accountants, and representatives, including without limitation, any claims related to the transactions which are the subject of the Main Adversary and the Colbeck Adversary, and any other claims asserted, or that could have been asserted, in the Main Adversary and Colbeck Adversary against the Trustee, or any of the Trustee's successors and assigns, agents, attorneys, accountants, employees, representatives, affiliates, the Debtor or the Debtor estate or property; *provided however*, in the event the Trustee rescinds this Settlement Agreement as to the SPB Defendants (as set forth in section 7.g), then the SPB Defendants' release and waiver set forth herein shall likewise be deemed rescinded.

c. **Release and Waiver by TrashMasters.** Upon the Trustee's release and waiver of TrashMasters, TrashMasters, on its own behalf, and on behalf of its

U.S. Bankruptcy Court - Hawaii   #18-90003354   Dkt # 2574   Filed 08/25/20   Page 16 of 90

successors and assigns, shall be deemed to have released and waived all claims it may have, or may have had, against the Debtor, the Debtor estate and/or the Trustee, and the Trustee's successors and assigns, agents, and representatives, including without limitation, any claims related to the transactions which are the subject of the Main Adversary and the Colbeck Adversary, and any other claims asserted, or that could have been asserted, in the Main Adversary and Colbeck Adversary against the Trustee, or any of the Trustee's successors and assigns, agents, attorneys, accountants, employees, representatives, affiliates, the Debtor or the Debtor estate or property, *provided however*, in the event the Trustee rescinds this Settlement Agreement as to the Corridor Defendants and the SPB Defendants (as set forth in sections 7.c. and 7.g), then TrashMasters' release and waiver set forth herein shall likewise be deemed rescinded.

## 7. <u>Releases and Waivers by the Trustee.</u>

In furnishing the releases and waivers below, the Trustee expressly reserves and is not releasing: (i) the estate's claims against the Remaining Defendants in the Main Adversary, including without limitation, existing claims that allege the Remaining Defendants are jointly and severally liable with one or more of the Settling Defendants to the Trustee/estate, and (ii) claims to enforce the terms of this Settlement Agreement.

a. <u>Release and Waiver by Trustee – Corridor Defendants</u>. Upon the Trustee's receipt of the Corridor Payment (including interest if owed hereunder), and subject to the Trustee's right to rescind this Settlement Agreement, as set forth in section 7.c, the Trustee on his own behalf, and on behalf of the Debtor's estate and any other parties claiming through or on behalf of the Trustee, or the Debtor estate, shall be deemed to have released and waived all claims the Trustee, or the Debtor's estate, may have or may have had against the Corridor Defendants, and any of their present or former members, partners, shareholders, officers, directors, affiliates (excepting TrashMasters), agents, employees, attorneys, accountants, insurers, representatives, successors and assigns, including, without limitation, any claims asserted, or that could have been asserted, in the Main Adversary and Colbeck Adversary.

b. <u>Trustee's rights if Corridor Capital, LLC is subject to bankruptcy proceeding.</u> If Corridor Capital, LLC becomes the subject of a bankruptcy proceeding within 91 days of the Trustee's receipt of the Corridor Payment, it shall have ninety (90) days from the entry of an order for relief in its bankruptcy proceeding to obtain the entry of a final non-appealable order of the bankruptcy court in the subject bankruptcy proceeding approving the assumption of this Settlement Agreement and determining that claims to avoid the Corridor Payment are waived.

c. <u>Trustee's right to rescind as to Corridor Defendants.</u> The Trustee may elect to rescind this Settlement Agreement as to the Corridor Defendants, including the releases and waivers herein, if: (i) the order referred to in section 7.b is not timely obtained, or (ii) the Corridor Payment is determined by a final order of a court of competent jurisdiction to be a fraudulent or preferential transfer or otherwise required to be returned or repaid. The Trustee's election to rescind shall become effective upon the occurrence of the following conditions: (i) the Trustee provides written notice of the election to rescind to the Corridor

U.S. Bankruptcy Court - Hawaii #16-90023 Dkt # 2574 Filed 08/25/20 Page 17 of 90

Defendants, and (ii) the Trustee returns the Corridor Payment. The Trustee's right to rescind this Settlement Agreement as to the Corridor Defendants shall expire after the passage of ninety-one (91) days from the date of the Trustee's receipt of the Corridor Payment and Corridor Capital, LLC not becoming the subject of a bankruptcy proceeding. The Trustee's rescission of the Settlement Agreement as to the Corridor Defendants shall have no effect upon the SPB Defendants, and the terms and conditions of this Settlement Agreement shall remain binding between the Trustee and the SPB Defendants.

        **d.**    **Dismissal of Claims in the Main Adversary Against Corridor Defendants.** Within seven (7) days after the passing of ninety-one (91) days after the Trustee's receipt of the Corridor Payment (including interest if owed hereunder) without Corridor Capital, LLC becoming the subject of a bankruptcy proceeding, the Trustee shall dismiss, with prejudice, the Trustee's claims against the Corridor Defendants in the Main Adversary.

        **e.**    **Release and Waiver by Trustee – SPB Defendants.** Upon the Trustee's receipt of the SPB Payment (including interest if owed hereunder), and subject to the Trustee's right to rescind this Settlement Agreement, as set forth in section 7.g, the Trustee on his own behalf, and on behalf of the Debtor's estate and any other parties claiming through or on behalf of the Trustee, or the Debtor's estate, shall be deemed to have released and waived all claims the Trustee, or the Debtor's estate may have or may have had against the SPB Defendants, and any of their present or former members, partners, shareholders, officers, directors, affiliates (excepting TrashMasters), agents, employees, attorneys, accountants, insurers, representatives, successors and assigns, including, without limitation, any claims asserted, or that could have been asserted, in the Main Adversary and Colbeck Adversary.

        **f.**    **Trustee's rights if SPB Capital Partners, L.P. is subject to bankruptcy proceeding.** If SPB Capital Partners, L.P. becomes the subject of a bankruptcy proceeding within ninety-one (91) days of the Trustee's receipt of the SPB Payment, it shall have ninety (90) days from the entry of an order for relief in its bankruptcy proceeding to obtain the entry of a final non-appealable order of the bankruptcy court in the subject bankruptcy proceeding approving the assumption of this Settlement Agreement and determining that claims to avoid the SPB Payment are waived.

        **g.**    **Trustee's right to rescind as to SPB Defendants.** The Trustee may elect to rescind this Settlement Agreement as to the SPB Defendants, including the releases and waivers herein, if: (i) the order referred to in section 7.f is not timely obtained, or (ii) the SPB Payment is determined by a final order of a court of competent jurisdiction to be a fraudulent or preferential transfer or otherwise required to be returned or repaid. The Trustee's election to rescind shall become effective upon the occurrence of the following conditions: (i) the Trustee provides written notice of the election to rescind to the SPB Defendants, and (ii) the Trustee returns the SPB Payment. The Trustee's right to rescind this Settlement Agreement as to the SPB Defendants shall expire after the passage of ninety-one (91) days from the date of the Trustee's receipt of the SPB Payment without SPB Capital Partners, L.P. becoming the subject of a bankruptcy proceeding. The Trustee's rescission of the Settlement Agreement as to the SPB Defendants shall have no effect upon the Corridor Defendants, and the terms and conditions of

this Settlement Agreement shall remain binding between the Trustee and the Corridor Defendants.

**h.     Dismissal of Claims in Main Adversary Against SPB Defendants.**  Within seven (7) days after  the passing of ninety-one (91) days after the Trustee's receipt of the SPB Payment (including interest if owed hereunder) without SPB Capital Partners, L.P. becoming the subject of a bankruptcy proceeding, the Trustee shall dismiss, with prejudice, the Trustee's claims against the SPB Defendants in the Main Adversary.

**i.     Release and Waiver by Trustee - TrashMasters.**  Effective upon the later of: (i) the expiration of the Trustee's right to rescind the Settlement Agreement against the Corridor Defendants pursuant to section 7.c, and (ii) the expiration of the Trustee's right to rescind the Settlement Agreement against the SPB Defendants pursuant to section 7.g, the Trustee, on his own behalf and on behalf of the Debtor's estate and any other parties claiming through or on behalf of the Trustee, or the Debtor's estate, shall be deemed to have released and waived all claims the Trustee, or the Debtor's estate may have or may have had against TrashMasters, and any of its present or former members, partners, shareholders, officers, directors, affiliates, agents, employee, attorneys, accountants, insurers, and successors and assigns, including, without limitation, any claims asserted, or that could have been asserted, in the Main Adversary and Colbeck Adversary. Provided, however, that the Trustee's release of TrashMasters shall not release or waive any claims of the estate against the Remaining Defendants and all of the estate's claims against the Remaining Defendants are expressly reserved by the Trustee.  The Trustee shall dismiss, with prejudice, the Trustee's claims against TrashMasters in the Main Adversary and the Colbeck Adversary when the Trustee's claims against both the Corridor Defendants and the SBP Defendants are dismissed.

**8.     Default**.  In the event Corridor Capital, LLC makes its entire Corridor Payment to the Trustee, but SPB Capital Partners, L.P. fails to make its entire SPB Payment to the Trustee, the releases and waivers set forth in sections 6 and 7 between the Trustee and the Corridor Defendants shall become effective as set forth in this Settlement Agreement but shall not become effective between the Trustee and the SPB Defendants and the Trustee may separately enforce the estate's claims against each of the SPB Defendants.  In the event SPB Capital Partners, L.P. makes its entire SPB Payment to the Trustee, but Corridor Capital, LLC fails to make its entire Corridor Payment to the Trustee, the releases and waivers set forth in sections 6 and 7 between the Trustee and the SPB Defendants shall become effective as set forth in this Settlement Agreement but shall not become effective between the Trustee and the Corridor Defendants and the Trustee may separately enforce the estate's claims against each of the Corridor Defendants.

**9.     Severability.**  If any term or provision of this Settlement Agreement is to any extent illegal, in violation of law, or otherwise invalid or unenforceable, then such term shall be excluded to the extent of such invalidity or unenforceability; all other terms hereof shall remain in full force and effect; and, to the extent permitted and possible, the invalid or unenforceable term shall be deemed replaced by a term that is valid and enforceable and that comes closest to expressing the intention of such invalid or unenforceable term.  If application of this severability provision should materially affect the economic substance of this Settlement

Agreement, the party adversely impacted shall be entitled to compensation for such adverse impact, provided the reason for invalidity or unenforceability of a term is not due to serious misconduct by the party seeking compensation.

10.  **No Benefit to Third Parties.**  Except as otherwise provided herein, the parties agree that this Settlement Agreement is made for the benefit of the parties alone to the extent and in the manner expressly set forth herein, and, accordingly, no third party shall be benefitted by this Settlement Agreement, except insofar as a benefit to the Trustee and the estate will inure to the creditors of the estate in accordance with bankruptcy law and procedures, and no party to this Settlement Agreement does or shall be deemed to release or diminish its claims against third parties by reason of this Settlement Agreement, all of which rights are expressly reserved.

11.  **Further Assurances**.  The parties agree to do such acts as are necessary to carry out the terms and provisions of this Settlement Agreement.

12.  **Attorneys' Fees**.  As between the parties to this Agreement, each party shall bear its own costs, expenses, and fees, including attorneys' fees, incurred by each of them in the Main Adversary and the Colbeck Adversary, the mediation, as well as those incurred up to and including this Settlement Agreement and any conditions or additional requirements contained herein, reserving to each party any claims it may have against third parties.  In the event of litigation concerning this Settlement Agreement, the losing party shall pay the reasonable attorneys' fees and costs of the prevailing party.

13.  **Amendments**.  This Settlement Agreement shall not be altered, amended, modified, or otherwise changed, except by writing duly executed by the parties hereto.  The parties acknowledge and agree that they will make no claim that this Settlement Agreement has been orally altered or modified. This Settlement Agreement constitutes a single integrated written contract, expresses the entire agreement among the parties hereto, and supersedes all prior oral and written agreements, representations, negotiations, and correspondence with respect to the matters addressed herein.

14.  **Construction**.  The parties have participated jointly in the negotiation and drafting of this Settlement Agreement.  In the event an ambiguity or question of intent or interpretation arises, this Settlement Agreement shall be construed as if drafted jointly by the parties and no presumption or burden of proof shall arise favoring or disfavoring any party by virtue of the authorship of any of the provisions of this Settlement Agreement.

15.  **Capacity**.  Each of the parties herein represents, warrants, and covenants that each person executing this Settlement Agreement in a representative capacity is duly authorized to do so.  Each person executing this Settlement Agreement in a representative capacity represents and warrants that he or she is duly authorized to do so.

16.  **Headings**.  The descriptive headings of the several sections of this Settlement Agreement are inserted for the convenience of reference only and do not constitute a part of this Settlement Agreement.

17. **Successors and Assigns**.  This Settlement Agreement shall inure to the benefit of, and be binding upon, the parties and their respective agents, legal representatives, predecessors, successors, and assigns.

18. **Counterparts and Facsimile Signature**.  This Settlement Agreement may be executed in counterparts, each of which shall, for all purposes, be deemed to be an original and all of which shall constitute but one and the same Settlement Agreement.  Further, the parties agree that when this Settlement Agreement is executed by any party, a facsimile or electronic copy of that party's signature shall be deemed to be an original signature for any and all purposes.

19. **Governing Law**.  This Settlement Agreement shall in all respects be interpreted, enforced and governed under the laws of the State of Hawaii (except insofar as it is subject to and governed by provisions of the United States Bankruptcy Code).

20. **Jurisdiction and Venue**.  Any controversies between the Trustee, on the one hand, and the Settling Defendants, on the other hand, regarding this Settlement Agreement shall be resolved in the Bankruptcy Court.  Any action related to, based upon, or arising from a breach of this Settlement Agreement shall be brought only in the Bankruptcy Court, which shall retain jurisdiction over the subject matter and parties for this purpose.

IN WITNESS THEREOF, the parties have executed this Settlement Agreement as of the day and year first above written.

[Signatures continue on next page.]

_____

DANE S. FIELD
Bankruptcy Trustee of the Estate of
Rolloffs Hawaii, LLC

*"Trustee"*

APPROVED AS TO FORM

_____

SIMON KLEVANSKY
CARISA LIMA KA'ALA DUFFY
Attorneys for Trustee Dane S. Field

[This space intentionally left blank.  Signatures continue on next page.]

U.S. Bankruptcy Court - Hawaii  #18-00095  Dkt # 270  Filed 08/25/20  Page 22 of 90

TRASHMASTERS, LLC

By _____

Name: ___ARI BASS_____

Its: ___MANAGER_____

*"TrashMasters"*


[This space intentionally left blank.  Signatures continue on next page.]

CORRIDOR CAPITAL, LLC

By _Craig Enenstein_
Name: _Craig Enenstein_
Its: _Authorized Signatory_


CORRIDOR CAPITAL ADVISORS, LLC

By _Craig Enenstein_
Name: _Craig Enenstein_
Its: _Authorized Signatory, terminated entity_


CORRIDOR TRASHMASTERS L.P.

By _Craig Enenstein_
Name: _Craig Enenstein_
Its: _Authorized Signatory, terminated entity_


_Craig Enenstein_
CRAIG ENENSTEIN, individually


L. GEOFFREY GREULICH, individually


EDWARD A. MONNIER, individually


JESSAYMN DAVIS, individually

*"Corridor Defendants"*

CORRIDOR CAPITAL, LLC

By_____
    Name: _____
    Its: _____


CORRIDOR CAPITAL ADVISORS, LLC

By_____
    Name: _____
    Its: _____


CORRIDOR TRASHMASTERS L.P.

By_____
    Name: _____
    Its: _____


_____
CRAIG ENENSTEIN, individually


_____
L. GEOFFREY GREULICH, individually


_____
EDWARD A. MONNIER, individually


_____
JESSAYMN DAVIS, individually

*"Corridor Defendants"*

CORRIDOR CAPITAL, LLC

By_____
    Name: _____
    Its: _____


CORRIDOR CAPITAL ADVISORS, LLC

By_____
    Name: _____
    Its: _____


CORRIDOR TRASHMASTERS L.P.

By_____
    Name: _____
    Its: _____


_____
CRAIG ENENSTEIN, individually


_____
L. GEOFFREY GREULICH, individually


_____
EDWARD A. MONNIER, individually


_____
JESSAYMN DAVIS, individually

*"Corridor Defendants"*

CORRIDOR CAPITAL, LLC

By_____
    Name: _____
    Its: _____


CORRIDOR CAPITAL ADVISORS, LLC

By_____
    Name: _____
    Its: _____


CORRIDOR TRASHMASTERS L.P.

By_____
    Name: _____
    Its: _____


_____
CRAIG ENENSTEIN, individually


_____
L. GEOFFREY GREULICH, individually


_____
EDWARD A. MONNIER, individually

_____
JESSAYMN DAVIS, individually

                    *"Corridor Defendants"*

SPB MANAGEMENT, LLC

By_____
    Name: _Kenneth Pressberg_
    Its: _Manager_

SPB WASTE, LLC

By_____
    Name: _ARI BASS_
    Its: _MANAGER_

SPB CAPITAL GP, LLC

By_____
    Name: _Kenneth Pressberg_
    Its: _Manager_

SPB CAPITAL PARTNERS, L.P.

By_____
    Name: _Kenneth Pressberg_
    Its: _Unauthorized Signatory_

_____
ARI D. BASS, individually

_____
SCOTT R. BULLOCH, individually

_____
KENNETH M. PRESSBERG, individually

*"SPB Defendants"*

U.S. Bankruptcy Court - Hawaii  #18-00995  Dkt # 270  Filed 08/25/20  Page 28 of 90

APPROVED AS TO FORM

_____
KENNETH BROWN
CHUCK C. CHOI
Attorneys for TrashMasters, Corridor Defendants
and SPB Defendants

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

In re

ROLLOFFS HAWAII, LLC,

         Debtor.

_____

DANE S. FIELD, Chapter 7 Trustee for
the Estate of Rolloffs Hawaii, LLC,

         Plaintiff,

         v.

TRASHMASTERS, LLC; CORRIDOR
CAPITAL LLC; CORRIDOR
CAPITAL ADVISORS, LLC;
CORRIDOR TRASHMASTERS, L.P.;
SPB MANAGEMENT, LLC; SPB
WASTE, LLC; SPB CAPITAL GP,
LLC; SPB CAPITAL PARTNERS,
L.P.; SPB PARTNERS, LLC; CRAIG
ENENSTEIN; L. GEOFFREY
GREULICH; EDWARD A.
MONNIER; JESSAMYN DAVIS; ARI
D. BASS; SCOTT R. BULLOCH;
KENNETH M. PRESSBERG;
KRISTIAN GOURLAY; DOUGLAS
L. ASAY; DOUGLAS D. ASAY;
CHARLES E. LEONARD; BRIAN
COLBECK [ESTATE OF BRIAN
COLBECK]; ROLLOFFS HAWAII,
INC.; THE KNG GROUP, LLC;
COLBECK CONSULTING LLC;
JOHN DOES 1-50; JANE DOES 1-50;

Civil No. _____

U.S. Bankruptcy Court-Hawaii
Case No. 16-01294 (Chapter 7)

**PROPOSED FINAL ORDER AND
JUDGMENT ADOPTING
RECOMMENDATION RE:
TRUSTEE'S PETITION FOR
DETERMINATION OF GOOD
FAITH SETTLEMENT [RE:
TRASHMASTERS, CORRIDOR
AND SPB DEFENDANTS]**

| DOE CORPORATIONS 1-50; DOE PARTNERSHIPS 1-50; DOE ENTITIES 1-50,<br><br>               Defendants. |
|---|

**PROPOSED FINAL ORDER AND JUDGMENT ADOPTING
RECOMMENDATION RE: TRUSTEE'S PETITION FOR
DETERMINATION OF GOOD FAITH SETTLEMENT
[RE: TRASHMASTERS, CORRIDOR, AND SPB DEFENDANTS]**

On _____, 2020, the United States Bankruptcy Judge Robert J. Faris issued a Report and Recommendation to the District Court in which he recommended that this Court grant the Trustee's Petition for Determination of Good Faith Settlement [Re: TrashMasters, Corridor, and SPB Defendants], filed on _____ , 2020 (the "Petition").

The Court having reviewed and considered the Report and Recommendation and all relevant filings, and having found that good cause exists,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.    The Court adopts the Report and Recommendation of the Bankruptcy Court.

2.    The Petition is Granted.

3.    Based upon the totality of the circumstances, the settlement entered into between the Plaintiff Trustee DANE S. FIELD (the "Trustee"), and Defendants (i) TRASHMASTERS, LLC; ("TrashMasters"); (ii) CORRIDOR

CAPITAL LLC; CORRIDOR CAPITAL ADVISORS, LLC; CORRIDOR TRASHMASTERS, L.P.; CRAIG ENENSTEIN; L. GEOFFREY GREULICH; EDWARD A. MONNIER; and JESSAMYN DAVIS (collectively the "Corridor Defendants"), and (iii) SPB MANAGEMENT, LLC; SPB WASTE, LLC; SPB CAPITAL GP, LLC; SPB CAPITAL PARTNERS, L.P.; SPB PARTNERS, LLC; ARI D. BASS; SCOTT R. BULLOCH; and KENNETH M. PRESSBERG (collectively the "SPB Defendants", and together with TrashMasters and Corridor Defendants, the "Settling Defendants") as set forth in the Settlement Agreement ("Settlement Agreement"), a copy of which is attached to the Petition as Exhibit "1", was made in good faith, within the meaning of Haw. Rev. Stat. § 663-15.5.

   4. Each of the Settling Defendants and those persons or entities covered by the Releases set forth in the Settlement Agreement are discharged and dismissed with prejudice from all claims, cross-claims, counterclaims and third-party claims (however denominated), except those that may be based on a written indemnity agreement, filed or that could be filed or asserted by Defendants KRISTIAN GOURLAY; DOUGLAS L. ASAY; DOUGLAS D. ASAY; CHARLES E. LEONARD; ROLLOFFS HAWAII, INC.; THE KNG GROUP, LLC; BRIAN COLBECK [ESTATE OF BRIAN COLBECK]; and COLBECK CONSULTING, LLC (the "Non-Settling Defendants"), and any other defendant, third-party defendant, party or any other joint tortfeasor or co-obligor against a Settling

Defendant for any of the damages, injuries or losses sustained by the Trustee in connection with or arising out of the matters covered by the Releases set forth in the Settlement Agreement. All such claims by the Non-Settling Defendants against the Settling Defendants are expressly barred by this Order.

5.     There being no just reason for delay, this order and judgment shall be final, and subject to appeal, pursuant to Fed. R. Civ. P. 54(b) and Fed. R. Bankr. P. 7054.

### END OF FINAL ORDER AND JUDGMENT

127426_5.docx

KLEVANSKY PIPER, LLP
A Limited Liability Law Partnership

SIMON KLEVANSKY     3217-0
ALIKA L. PIPER      6949-0
CARISA LIMA KA'ALA DUFFY   7372-0
841 Bishop Street, Suite 1707
Honolulu, Hawaii 96813
Telephone:  (808) 536-0200
Facsimile:  (808) 237-5759
E-Mail: sklevansky@kplawhawaii.com
      apiper@kplawhawaii.com
      kduffy@kplawhawaii.com

Attorneys for Plaintiff Dane S. Field

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re | Case No. 16-01294 (Chapter 7) |
| ROLLOFFS HAWAII, LLC, | |
| Debtor. | |
| DANE S. FIELD, Chapter 7 Trustee for the Estate of Rolloffs Hawaii, LLC | Adversary Proceeding No. 18-90035 |
| Plaintiff, | **PLAINTIFF'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT [RE: TRASHMASTERS, CORRIDOR AND SPB DEFENDANTS]; EXHIBITS "1"-"2"; MEMORANDUM IN SUPPORT OF PLAINTIFF'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT [RE: TRASHMASTERS, CORRIDOR** |
| v. | |
| TRASHMASTERS, LLC; CORRIDOR CAPITAL LLC; CORRIDOR CAPITAL ADVISORS, LLC; CORRIDOR TRASHMASTERS, L.P.; SPB MANAGEMENT, LLC; SPB | |

EXHIBIT "C"

WASTE, LLC; SPB CAPITAL GP, LLC; SPB CAPITAL PARTNERS, L.P.; SPB PARTNERS, LLC; CRAIG ENENSTEIN; L. GEOFFREY GREULICH; EDWARD A. MONNIER; JESSAMYN DAVIS; ARI D. BASS; SCOTT R. BULLOCH; KENNETH M. PRESSBERG; KRISTIAN GOURLAY; DOUGLAS L. ASAY; DOUGLAS D. ASAY; CHARLES E. LEONARD; BRIAN COLBECK [ESTATE OF BRIAN COLBECK]; ROLLOFFS HAWAII, INC.; THE KNG GROUP, LLC; COLBECK CONSULTING LLC; JOHN DOES 1-50; JANE DOES 1-50; DOE CORPORATIONS 1-50; DOE PARTNERSHIPS 1-50; DOE ENTITIES 1-50,

                    Defendants.

---

DANE S. FIELD, Chapter 7 Trustee for the Estate of Rolloffs Hawaii, LLC

                    Plaintiff,

           v.

TRASHMASTERS, LLC; COLBECK CONSULTING LLC; BRIAN COLBECK; JOHN DOES 1-50; JANE DOES 1-50; DOE CORPORATIONS 1-50; PARTNERSHIPS 1-50; DOE ENTITIES 1-50,

                    Defendants.

**AND SPB DEFENDANTS]; DECLARATION OF DANE S. FIELD**

Hearing:
Date:      August 17, 2020
Time:      10:30 a.m.
Judge:    Hon. Robert J. Faris

Adversary Proceeding No. 18-90034

## PLAINTIFF'S PETITION FOR DETERMINATION
## OF GOOD FAITH SETTLEMENT
## [RE: TRASHMASTERS, CORRIDOR AND SPB DEFENDANTS]

DANE S. FIELD (the "Plaintiff"), the duly appointed Chapter 7 bankruptcy trustee of the estate of Debtor ROLLOFFS HAWAII, LLC in the bankruptcy case In re Rolloffs Hawaii, LLC, Bk. No. 16-01294, and the Plaintiff in the adversary proceedings (i) Dane S. Field v. TrashMasters, LLC, et al., Adv. Proc. No. 18-90035 (the "Main Adversary") and (ii) Dane S. Field v. TrashMasters, LLC, Adv. Proc. No. 18-90034 (the "Colbeck Adversary"), hereby petitions the Court to submit a report and recommendation to the United States District Court for the District of Hawaii (the "District Court")[1] requesting that the District Court issue an order ("Good Faith Order") in the Main Adversary and Colbeck Adversary, in substantially the form attached hereto as "Exhibit "1"[2], determining that the Settlement Agreement between the Plaintiff, on the one hand, and Defendant

_____

[1] The "Settling Defendants", as identified herein, have expressed concern that because the Good Faith Order bars cross-claims, it may require the decision of the District Court for enforcement.

[2] The caption in Exhibit "1" has been modified from the proposed form of order attached as Exhibit "A" to the Settlement Agreement to include the Colbeck Adversary in a double caption.

U.S. Bankruptcy Court - Hawaii   #18-90035   Dkt # 180   Filed 08/25/20   Page 36 of 90

TrashMasters, LLC, the "Corridor Defendants"[3] and the "SPB Defendants"[4], collectively the "Settling Defendants", on the other hand, has been entered into in good faith, as provided in Haw. Rev. Stat. § 663-15.5, and, as a consequence, the "Remaining Defendants"[5] in the Main Adversary and Colbeck Adversary are barred from asserting claims and cross-claims against the Settling Defendants. A copy of the Settlement Agreement is attached hereto as Exhibit "2".

This Petition is made pursuant to Haw. Rev. Stat. § 663-15.5 and LBR 9013-1, and is based on the attached memorandum, declarations, exhibits and records of this case.

---

[3] The term "Corridor Defendants" includes the following defendants: (i) Corridor Capital LLC; (ii) Corridor Capital Advisors, LLC; (iii) Corridor TrashMasters, L.P.; (iv) Craig Enenstein; (v) L. Geoffrey Greulich; (vi) Edward A. Monnier; and (vii) Jessamyn Davis.

[4] The term "SPB Defendants" includes the following defendants: (i) SPB Management, LLC; (ii) SPB Waste, LLC; (iii) SPB Capital GP, LLC; (iv) SPB Capital Partners, L.P.; (v) SPB Partners, LLC; (vi) Ari D. Bass; (vii) Scott R. Bulloch; and (viii) Kenneth M. Pressberg.

[5] The term "Remaining Defendants" includes the following defendants in the Main Adversary: Kristian Gourlay; Douglas L. Asay; Douglas D. Asay; Charles E. Leonard; Rolloffs Hawaii, Inc.; The KNG Group, LLC; Brian Colbeck ("Mr. Colbeck"), and Colbeck Consulting, LLC ("Colbeck Consulting"), and also includes Mr. Colbeck and Colbeck Consulting in the Colbeck Adversary. (The Trustee has abandoned, but has not yet dismissed, his claims against Mr. Colbeck and Colbeck Consulting in the Main Adversary and Colbeck Adversary.)

U.S. Bankruptcy Court - Hawaii   #18-90003   Dkt # 210   Filed 08/25/20   Page 37 of 90

DATED: Honolulu, Hawaii, July 10, 2020.

/s/ Carisa Lima Ka'ala Duffy
SIMON KLEVANSKY
ALIKA L. PIPER
CARISA LIMA KA'ALA DUFFY
Attorneys for Plaintiff Dane S. Field

Dane S. Field, Chapter 7 Trustee for the Estate of Rolloffs Hawaii, LLC v. TrashMasters, LLC, et al., Adversary Proceeding No. 18-90035, United States Bankruptcy Court, District of Hawaii; PLAINTIFF'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT [RE: TRASHMASTERS, CORRIDOR AND SPB DEFENDANTS]

# EXHIBIT "1"

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

In re

ROLLOFFS HAWAII, LLC,

Debtor.

Civil No. _____

U.S. Bankruptcy Court-Hawaii
Case No. 16-01294 (Chapter 7)

---

DANE S. FIELD, Chapter 7 Trustee for
the Estate of Rolloffs Hawaii, LLC,

Plaintiff,

v.

TRASHMASTERS, LLC; CORRIDOR
CAPITAL LLC; CORRIDOR
CAPITAL ADVISORS, LLC;
CORRIDOR TRASHMASTERS, L.P.;
SPB MANAGEMENT, LLC; SPB
WASTE, LLC; SPB CAPITAL GP,
LLC; SPB CAPITAL PARTNERS,
L.P.; SPB PARTNERS, LLC; CRAIG
ENENSTEIN; L. GEOFFREY
GREULICH; EDWARD A.
MONNIER; JESSAMYN DAVIS; ARI
D. BASS; SCOTT R. BULLOCH;
KENNETH M. PRESSBERG;
KRISTIAN GOURLAY; DOUGLAS
L. ASAY; DOUGLAS D. ASAY;
CHARLES E. LEONARD; BRIAN
COLBECK [ESTATE OF BRIAN
COLBECK]; ROLLOFFS HAWAII,
INC.; THE KNG GROUP, LLC;
COLBECK CONSULTING LLC;
JOHN DOES 1-50; JANE DOES 1-50;

Adversary Proceeding No. 18-90035

**PROPOSED FINAL ORDER AND
JUDGMENT ADOPTING
RECOMMENDATION RE:
TRUSTEE'S PETITION FOR
DETERMINATION OF GOOD
FAITH SETTLEMENT [RE:
TRASHMASTERS, CORRIDOR
AND SPB DEFENDANTS]**

**Exhibit "1"**

DOE CORPORATIONS 1-50; DOE
PARTNERSHIPS 1-50; DOE
ENTITIES 1-50,

                    Defendants.

---

DANE S. FIELD, Chapter 7 Trustee for       Adversary Proceeding No. 18-90034
the Estate of Rolloffs Hawaii, LLC

                    Plaintiff,

        v.

TRASHMASTERS, LLC; COLBECK
CONSULTING LLC; BRIAN
COLBECK; JOHN DOES 1-50; JANE
DOES 1-50; DOE CORPORATIONS
1-50; PARTNERSHIPS 1-50; DOE
ENTITIES 1-50,

                    Defendants.

---

**PROPOSED FINAL ORDER AND JUDGMENT ADOPTING
RECOMMENDATION RE: TRUSTEE'S PETITION FOR
DETERMINATION OF GOOD FAITH SETTLEMENT
[RE: TRASHMASTERS, CORRIDOR, AND SPB DEFENDANTS]**

On _____, 2020, the United States Bankruptcy Judge Robert J.

Faris issued a Report and Recommendation to the District Court in which he

recommended that this Court grant the Trustee's Petition for Determination of Good

Faith Settlement [Re: TrashMasters, Corridor, and SPB Defendants], filed on

_____, 2020 (the "Petition").

The Court having reviewed and considered the Report and Recommendation and all relevant filings, and having found that good cause exists,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      The Court adopts the Report and Recommendation of the Bankruptcy Court.

2.      The Petition is Granted.

3.      Based upon the totality of the circumstances, the settlement entered into between the Plaintiff Trustee DANE S. FIELD (the "Trustee"), and Defendants (i) TRASHMASTERS, LLC; ("TrashMasters"); (ii) CORRIDOR CAPITAL LLC; CORRIDOR CAPITAL ADVISORS, LLC; CORRIDOR TRASHMASTERS, L.P.; CRAIG ENENSTEIN; L. GEOFFREY GREULICH; EDWARD A. MONNIER; and JESSAMYN DAVIS (collectively the "Corridor Defendants"), and (iii) SPB MANAGEMENT, LLC; SPB WASTE, LLC; SPB CAPITAL GP, LLC; SPB CAPITAL PARTNERS, L.P.; SPB PARTNERS, LLC; ARI D. BASS; SCOTT R. BULLOCH; and KENNETH M. PRESSBERG (collectively the "SPB Defendants", and together with TrashMasters and Corridor Defendants, the "Settling Defendants") as set forth in the Settlement Agreement ("Settlement Agreement"), a copy of which is attached to the Petition as Exhibit "1", was made in good faith, within the meaning of Haw. Rev. Stat. § 663-15.5.

U.S. Bankruptcy Court - Hawaii  #18-90003  Dkt # 2180  Filed 08/25/20  Page 42 of 90

4.     Each of the Settling Defendants and those persons or entities covered by the Releases set forth in the Settlement Agreement are discharged and dismissed with prejudice from all claims, cross-claims, counterclaims and third-party claims (however denominated), except those that may be based on a written indemnity agreement, filed or that could be filed or asserted by Defendants KRISTIAN GOURLAY; DOUGLAS L. ASAY; DOUGLAS D. ASAY; CHARLES E. LEONARD; ROLLOFFS HAWAII, INC.; THE KNG GROUP, LLC; BRIAN COLBECK [ESTATE OF BRIAN COLBECK]; and COLBECK CONSULTING, LLC (the "Non-Settling Defendants"), and any other defendant, third-party defendant, party or any other joint tortfeasor or co-obligor against a Settling Defendant for any of the damages, injuries or losses sustained by the Trustee in connection with or arising out of the matters covered by the Releases set forth in the Settlement Agreement.  All such claims by the Non-Settling Defendants against the Settling Defendants are expressly barred by this Order.

5.     There being no just reason for delay, this order and judgment shall be final, and subject to appeal, pursuant to Fed. R. Civ. P. 54(b) and Fed. R. Bankr. P. 7054.

**END OF FINAL ORDER AND JUDGMENT**

# EXHIBIT "2"

## SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT (the "Settlement Agreement") is made this _____ 3rd day of ____July____ 2020, by and among **DANE S. FIELD** (the "Trustee"), the Chapter 7 bankruptcy trustee in the case entitled In re Rolloffs Hawaii, LLC, Bk. No. 16-01294, United States Bankruptcy Court for the District of Hawaii (the "Bankruptcy Court"), whose address is c/o Klevansky Piper, LLP, 841 Bishop Street, Suite 1707, Honolulu, Hawaii 96813, and **(i) TRASHMASTERS, LLC;** ("TrashMasters") **(ii) CORRIDOR CAPITAL, LLC; CORRIDOR CAPITAL ADVISORS, LLC; CORRIDOR TRASHMASTERS, L.P.; CRAIG ENENSTEIN; L. GEOFFREY GREULICH; EDWARD A. MONNIER;** and **JESSAMYN DAVIS** (collectively the "Corridor Defendants"), **and (iii) SPB MANAGEMENT, LLC; SPB WASTE, LLC; SPB CAPITAL GP, LLC; SPB CAPITAL PARTNERS, L.P.; SPB PARTNERS, LLC; ARI D. BASS; SCOTT R. BULLOCH; and KENNETH M. PRESSBERG** (collectively the "SPB Defendants"), whose address is c/o Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, California 94111. (Collectively TrashMasters, the Corridor Defendants, and the SPB Defendants are referred to herein as the "Settling Defendants".)

## RECITALS

A.    On December 9, 2016, Debtor Rolloffs Hawaii, LLC (the "Debtor") filed a petition for Chapter 11 bankruptcy in the Bankruptcy Court. On January 17, 2017, the Bankruptcy Court having considered the United States Trustee's Ex Parte Application for Approval of Appointment of Chapter 11 Trustee ordered the appointment of Dane S. Field as Trustee. On September 18, 2017, the case was converted to a Chapter 7 case, and Dane S. Field appointed the Chapter 7 Trustee of the bankruptcy estate of the Debtor.

B.    On December 7, 2018, the Trustee commenced an adversary proceeding against the Settling Defendants as well as other defendants in the case entitled Field v. TrashMasters, LLC, et al., Adversary Proceeding No. 18-90035 (the "Main Adversary"). In the Main Adversary, the Trustee alleged various claims of fraudulent conveyances/transfers, breaches of fiduciary duties, conspiracy, aiding and abetting, alter ego, single business enterprise, and unjust enrichment. Among the claims made against the Settling Defendants, was the Trustee's claim that Corridor Capital, LLC and SPB Management, LLC directly received from the Debtor, as initial transferees, approximately $1.8M in advisory fees, which the Trustee alleged was a fraudulent conveyance/transfer and a breach of the Settling Defendants' fiduciary duties to the Debtor and the Debtor's creditors.

C.    On December 6, 2018, the Trustee commenced a smaller adversary proceeding against TrashMasters, LLC, Colbeck Consulting, LLC, and Brian Colbeck in the case entitled Field v. TrashMasters, LLC, et al., Adversary Proceeding No. 18-90034 (the "Colbeck Adversary"). In the Colbeck Adversary, the Trustee sought to recover under 11 U.S.C. §§ 547, 548 and 550, $24,000.00 in payments the Debtor had made to defendants Brian Colbeck and/or Colbeck Consulting, LLC within the 90 days prior to the Debtor's petition.

**Exhibit "2"**

U.S. Bankruptcy Court - Hawaii   #18-90035  Dkt # 214   Filed  08/25/20   Page 45 of 90

U.S. Bankruptcy Court - Hawaii   #18-90035  Dkt # 180   Filed  07/10/20   Page 12 of 57

D.      On June 25, 2019, the Court denied the Settling Defendants' first motion to dismiss, filed on February 15, 2019, but required the Trustee to amend certain of his claims in the Main Adversary.

E.      On July 31, 2019, the Trustee filed his First Amended Complaint in the Main Adversary.

F.      On September 19, 2019, the Settling Defendants filed their second motion to dismiss the Trustee's First Amended Complaint in the Main Adversary, which motion the Court denied on January 9, 2020.

G.      Beginning on May 7, 2020, the Trustee and certain of the Settling Defendants engaged in a private mediation whereby they each agreed to settle their claims, pursuant to the terms and conditions set forth herein.

H.      To avoid the costs associated with continuing to litigate their disputes and related matters, and without admitting liability in any regard, the parties have determined that it is in their respective best interests to settle their respective claims pursuant to the terms set forth herein, subject to approval by the Bankruptcy Court.

NOW THEREFORE, for and in consideration of good and valuable consideration, the sufficiency of which is hereby acknowledged, the parties agree as follows:

1.      **Court Approval and Binding Effect.**  This Settlement Agreement is subject to approval by the Bankruptcy Court.  Upon the Bankruptcy Court's entry of (i) an order approving this Settlement Agreement and (ii) order of the United States District Court finding this Settlement Agreement to have been made in good faith pursuant to Haw. Rev. Stat. § 663-15.5, this Settlement Agreement shall be binding upon all parties, and unless otherwise provided herein, not subject to rescission.

2.      **Effective Date.**   Unless otherwise provided herein, this Settlement Agreement is subject to and shall not become effective until and unless (i) the Settlement Agreement is executed by all parties and approved by their respective counsel; (ii) a final, non-appealable order is entered by the Bankruptcy Court approving all of the terms and conditions set forth in this Settlement Agreement, pursuant to Fed. R. Bankr. P. 9019 ("Settlement Order"); and (iii) entry of a final, non-appealable order of the United States District Court determining this Settlement Agreement to have been made in good faith pursuant to Haw. Rev. Stat. § 663-15.5, barring claims and dismissing cross claims by non-settling defendants in the Main Adversary and Colbeck Adversary ("Good Faith Order") in substantially the form attached hereto as Exhibit "A".  The date the last of these three conditions is satisfied is referred to as the "Effective Date").  Neither the Settlement Order, nor the Good Faith Order shall be considered to be final and non-appealable until after the last day has past to file a notice of appeal of the orders. Both the Settlement Order and Good Faith Order each require entry of a "final, non-appealable order" and when they are referred to in this Settlement Agreement as such, that requirement is intended to be included.  In the event there is a conflict between this Paragraph 2 and any other provision of this Settlement Agreement, this Paragraph 2 shall govern and control.

U.S. Bankruptcy Court - Hawaii   #18-90035   Dkt # 214   Filed  08/25/20   Page 46 of 90

U.S. Bankruptcy Court - Hawaii   #18-90035   Dkt # 180   Filed  07/10/20   Page 13 of 57

**3.     Settlement Payments to Estate.**  Corridor Capital, LLC shall pay to the Trustee the sum of $943,500 (the "Corridor Payment").  SPB Capital Partners, L.P. shall pay to the Trustee the sum of $756,500 (the "SPB Payment").  SPB Management, LLC, SPB Waste, LLC, SPB Capital GP, LLC, and SPB Partners, LLC shall be jointly and severally liable to the Trustee for the SPB Payment.

The Corridor Payment and the SPB Payment shall be made via wire transfer or certified check, and shall be received by the Trustee within five (5) days after the Effective Date, and no earlier.  The failure by Corridor Capital, LLC to make the Corridor Payment within five (5) days of the Effective Date shall entitle the Trustee to collect interest on the amount outstanding at the rate of 10% per annum, from and after the due date of the Corridor Payment.  The failure by SPB Capital Partners, L.P. to make the SPB Payment within five (5) days of the Effective Date shall entitle the Trustee to collect interest on the amount outstanding at the rate of 10% per annum, from and after the due date of the SPB Payment.

**4.     Stay as between the Trustee and the Settling Defendants in the Main Adversary and Colbeck Adversary**.  Effective as of the date of this Settlement Agreement, the Main Adversary and Colbeck Adversary shall be stayed as between the Trustee and the Settling Defendants until five (5) days after the Effective Date.  The stay shall not affect the Trustee's prosecution of the estate's claims against the non-settling defendants in the Main Adversary (Kristian Gourlay; Douglas L. Asay; Douglas D. Asay; Charles E. Leonard; Rolloffs Hawaii, Inc.; and The KNG Group, LLC, collectively the "Remaining Defendants").

In the event of an appeal of the Settlement Order or the Good Faith Order, the Settling Defendants and the Trustee agree that: (i) the Main Adversary and the Colbeck Adversary shall remain stayed as between the Trustee and the Settling Defendants during the pendency of any appeals; (ii) the Settling Defendants will not object to the Trustee's severance of the Trustee's claims against the Settling Defendants and the Trustee's continued prosecution of the estate's claims against the Remaining Defendants in the Main Adversary, notwithstanding an appeal; and (iii) during the pendency of the stay between the Trustee and the Settling Defendants, future factual findings and/or legal determinations made in the Main Adversary and Colbeck Adversary shall not be entitled to preclusive effect as between the Settling Defendants or the Trustee, and neither the Settling Defendants, nor the Trustee will assert the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion or law of the case against the other in any proceedings.  In the event of default of any term or provision of this Settlement Agreement, the stay shall be deemed lifted only to permit the non-defaulting party to enforce its claims, rights and defenses arising from said default, and shall not modify the limitation upon preclusive effects set forth herein.

**5.     Extension of Trial Date.**  Effective as of the date of this Settlement Agreement, the Settling Defendants shall not object to the extension of the trial date in the Main Adversary as to all parties in the case, to the extent necessary to account for the time the Trustee and Settling Defendants anticipate it will take for entry of the Settlement Order and Good Faith Order.

6. **Releases and Waivers by the Settling Defendants.**

In furnishing the releases and waivers below (i) the Settling Defendants and the Trustee acknowledge and agree that the Good Faith Order shall bar the Remaining Defendants from asserting claims against the Settling Defendants, and result in the dismissal of all cross-claims filed against the Settling Defendants, in accordance with Haw. Rev. Stat. § 663-15.5(d), and, upon the expiration of the Trustee's right to rescind this Settlement Agreement, as set forth herein, the Settling Defendants in turn, and to the same extent, shall release claims they may have against the Remaining Defendants arising out of the Main Adversary or the Colbeck Adversary, and (ii) none of the releases herein shall include claims to enforce the terms of this Settlement Agreement, and such claims are expressly reserved by the Settling Defendants.

a. **Release and Waiver by Corridor Defendants.** Upon the Trustee's release and waiver of the Corridor Defendants, the Corridor Defendants, on each of their own behalf, and on behalf of each of their successors and assigns, members, partners, shareholders, officers, directors, affiliates (excepting TrashMasters), agents, employees, representatives and any other parties claiming through each of them, or on each of their behalf, shall be deemed to have released and waived all claims each may have, or may have had against the Debtor, the Debtor estate and/or the Trustee, and the Trustee's successors and assigns, agents, attorneys, accountants, and representatives, including without limitation any claims related to the transactions which are the subject of the Main Adversary and the Colbeck Adversary, and any other claims asserted, or that could have been asserted, in the Main Adversary and Colbeck Adversary against the Trustee, or any of the Trustee's successors and assigns, agents, attorneys, accountants, employees, representatives, affiliates, the Debtor or the Debtor estate or property; *provided however,* in the event the Trustee rescinds this Settlement Agreement, as to the Corridor Defendants (as set forth in section 7.c), then the Corridor Defendants' release and waiver set forth herein shall likewise be deemed rescinded.

b. **Release and Waiver by SPB Defendants.** Upon the Trustee's release and waiver of the SPB Defendants, the SPB Defendants, on each of their own behalf, and on behalf of each of their successors and assigns, members, partners, shareholders, officers, directors, affiliates (excepting TrashMasters), agents, employees, representatives and any other parties claiming through each of them, or on each of their behalf, shall be deemed to have released and waived all claims each may have, or may have had, against the Debtor, the Debtor estate and/or the Trustee, and the Trustee's successors and assigns, agents, attorneys, accountants, and representatives, including without limitation, any claims related to the transactions which are the subject of the Main Adversary and the Colbeck Adversary, and any other claims asserted, or that could have been asserted, in the Main Adversary and Colbeck Adversary against the Trustee, or any of the Trustee's successors and assigns, agents, attorneys, accountants, employees, representatives, affiliates, the Debtor or the Debtor estate or property; *provided however*, in the event the Trustee rescinds this Settlement Agreement as to the SPB Defendants (as set forth in section 7.g), then the SPB Defendants' release and waiver set forth herein shall likewise be deemed rescinded.

c. **Release and Waiver by TrashMasters.** Upon the Trustee's release and waiver of TrashMasters, TrashMasters, on its own behalf, and on behalf of its

U.S. Bankruptcy Court - Hawaii   #18-90035   Dkt # 214   Filed  08/25/20   Page 48 of 90

U.S. Bankruptcy Court - Hawaii   #18-90035   Dkt # 180   Filed  07/10/20   Page 15 of 57

successors and assigns, shall be deemed to have released and waived all claims it may have, or may have had, against the Debtor, the Debtor estate and/or the Trustee, and the Trustee's successors and assigns, agents, and representatives, including without limitation, any claims related to the transactions which are the subject of the Main Adversary and the Colbeck Adversary, and any other claims asserted, or that could have been asserted, in the Main Adversary and Colbeck Adversary against the Trustee, or any of the Trustee's successors and assigns, agents, attorneys, accountants, employees, representatives, affiliates, the Debtor or the Debtor estate or property, *provided however*, in the event the Trustee rescinds this Settlement Agreement as to the Corridor Defendants and the SPB Defendants (as set forth in sections 7.c. and 7.g), then TrashMasters' release and waiver set forth herein shall likewise be deemed rescinded.

## 7.   <u>Releases and Waivers by the Trustee.</u>

In furnishing the releases and waivers below, the Trustee expressly reserves and is not releasing: (i) the estate's claims against the Remaining Defendants in the Main Adversary, including without limitation, existing claims that allege the Remaining Defendants are jointly and severally liable with one or more of the Settling Defendants to the Trustee/estate, and (ii) claims to enforce the terms of this Settlement Agreement.

**a.**   <u>Release and Waiver by Trustee – Corridor Defendants</u>. Upon the Trustee's receipt of the Corridor Payment (including interest if owed hereunder), and subject to the Trustee's right to rescind this Settlement Agreement, as set forth in section 7.c, the Trustee on his own behalf, and on behalf of the Debtor's estate and any other parties claiming through or on behalf of the Trustee, or the Debtor estate, shall be deemed to have released and waived all claims the Trustee, or the Debtor's estate, may have or may have had against the Corridor Defendants, and any of their present or former members, partners, shareholders, officers, directors, affiliates (excepting TrashMasters), agents, employees, attorneys, accountants, insurers, representatives, successors and assigns, including, without limitation, any claims asserted, or that could have been asserted, in the Main Adversary and Colbeck Adversary.

**b.**   <u>Trustee's rights if Corridor Capital, LLC is subject to bankruptcy proceeding.</u> If Corridor Capital, LLC becomes the subject of a bankruptcy proceeding within 91 days of the Trustee's receipt of the Corridor Payment, it shall have ninety (90) days from the entry of an order for relief in its bankruptcy proceeding to obtain the entry of a final non-appealable order of the bankruptcy court in the subject bankruptcy proceeding approving the assumption of this Settlement Agreement and determining that claims to avoid the Corridor Payment are waived.

**c.**   <u>Trustee's right to rescind as to Corridor Defendants.</u> The Trustee may elect to rescind this Settlement Agreement as to the Corridor Defendants, including the releases and waivers herein, if: (i) the order referred to in section 7.b is not timely obtained, or (ii) the Corridor Payment is determined by a final order of a court of competent jurisdiction to be a fraudulent or preferential transfer or otherwise required to be returned or repaid. The Trustee's election to rescind shall become effective upon the occurrence of the following conditions: (i) the Trustee provides written notice of the election to rescind to the Corridor

U.S. Bankruptcy Court - Hawaii   #18-90035   Dkt # 214   Filed  08/25/20   Page 49 of 90

U.S. Bankruptcy Court - Hawaii   #18-90035   Dkt # 180   Filed  07/10/20   Page 16 of 57

Defendants, and (ii) the Trustee returns the Corridor Payment. The Trustee's right to rescind this Settlement Agreement as to the Corridor Defendants shall expire after the passage of ninety-one (91) days from the date of the Trustee's receipt of the Corridor Payment and Corridor Capital, LLC not becoming the subject of a bankruptcy proceeding. The Trustee's rescission of the Settlement Agreement as to the Corridor Defendants shall have no effect upon the SPB Defendants, and the terms and conditions of this Settlement Agreement shall remain binding between the Trustee and the SPB Defendants.

   **d.** **Dismissal of Claims in the Main Adversary Against Corridor Defendants.** Within seven (7) days after the passing of ninety-one (91) days after the Trustee's receipt of the Corridor Payment (including interest if owed hereunder) without Corridor Capital, LLC becoming the subject of a bankruptcy proceeding, the Trustee shall dismiss, with prejudice, the Trustee's claims against the Corridor Defendants in the Main Adversary.

   **e.** **Release and Waiver by Trustee – SPB Defendants.** Upon the Trustee's receipt of the SPB Payment (including interest if owed hereunder), and subject to the Trustee's right to rescind this Settlement Agreement, as set forth in section 7.g, the Trustee on his own behalf, and on behalf of the Debtor's estate and any other parties claiming through or on behalf of the Trustee, or the Debtor's estate, shall be deemed to have released and waived all claims the Trustee, or the Debtor's estate may have or may have had against the SPB Defendants, and any of their present or former members, partners, shareholders, officers, directors, affiliates (excepting TrashMasters), agents, employees, attorneys, accountants, insurers, representatives, successors and assigns, including, without limitation, any claims asserted, or that could have been asserted, in the Main Adversary and Colbeck Adversary.

   **f.** **Trustee's rights if SPB Capital Partners, L.P. is subject to bankruptcy proceeding.** If SPB Capital Partners, L.P. becomes the subject of a bankruptcy proceeding within ninety-one (91) days of the Trustee's receipt of the SPB Payment, it shall have ninety (90) days from the entry of an order for relief in its bankruptcy proceeding to obtain the entry of a final non-appealable order of the bankruptcy court in the subject bankruptcy proceeding approving the assumption of this Settlement Agreement and determining that claims to avoid the SPB Payment are waived.

   **g.** **Trustee's right to rescind as to SPB Defendants.** The Trustee may elect to rescind this Settlement Agreement as to the SPB Defendants, including the releases and waivers herein, if: (i) the order referred to in section 7.f is not timely obtained, or (ii) the SPB Payment is determined by a final order of a court of competent jurisdiction to be a fraudulent or preferential transfer or otherwise required to be returned or repaid. The Trustee's election to rescind shall become effective upon the occurrence of the following conditions: (i) the Trustee provides written notice of the election to rescind to the SPB Defendants, and (ii) the Trustee returns the SPB Payment. The Trustee's right to rescind this Settlement Agreement as to the SPB Defendants shall expire after the passage of ninety-one (91) days from the date of the Trustee's receipt of the SPB Payment without SPB Capital Partners, L.P. becoming the subject of a bankruptcy proceeding. The Trustee's rescission of the Settlement Agreement as to the SPB Defendants shall have no effect upon the Corridor Defendants, and the terms and conditions of

this Settlement Agreement shall remain binding between the Trustee and the Corridor Defendants.

**h.** **Dismissal of Claims in Main Adversary Against SPB Defendants.** Within seven (7) days after the passing of ninety-one (91) days after the Trustee's receipt of the SPB Payment (including interest if owed hereunder) without SPB Capital Partners, L.P. becoming the subject of a bankruptcy proceeding, the Trustee shall dismiss, with prejudice, the Trustee's claims against the SPB Defendants in the Main Adversary.

**i.** **Release and Waiver by Trustee - TrashMasters.** Effective upon the later of: (i) the expiration of the Trustee's right to rescind the Settlement Agreement against the Corridor Defendants pursuant to section 7.c, and (ii) the expiration of the Trustee's right to rescind the Settlement Agreement against the SPB Defendants pursuant to section 7.g, the Trustee, on his own behalf and on behalf of the Debtor's estate and any other parties claiming through or on behalf of the Trustee, or the Debtor's estate, shall be deemed to have released and waived all claims the Trustee, or the Debtor's estate may have or may have had against TrashMasters, and any of its present or former members, partners, shareholders, officers, directors, affiliates, agents, employee, attorneys, accountants, insurers, and successors and assigns, including, without limitation, any claims asserted, or that could have been asserted, in the Main Adversary and Colbeck Adversary. Provided, however, that the Trustee's release of TrashMasters shall not release or waive any claims of the estate against the Remaining Defendants and all of the estate's claims against the Remaining Defendants are expressly reserved by the Trustee. The Trustee shall dismiss, with prejudice, the Trustee's claims against TrashMasters in the Main Adversary and the Colbeck Adversary when the Trustee's claims against both the Corridor Defendants and the SBP Defendants are dismissed.

**8.** **Default**. In the event Corridor Capital, LLC makes its entire Corridor Payment to the Trustee, but SPB Capital Partners, L.P. fails to make its entire SPB Payment to the Trustee, the releases and waivers set forth in sections 6 and 7 between the Trustee and the Corridor Defendants shall become effective as set forth in this Settlement Agreement but shall not become effective between the Trustee and the SPB Defendants and the Trustee may separately enforce the estate's claims against each of the SPB Defendants. In the event SPB Capital Partners, L.P. makes its entire SPB Payment to the Trustee, but Corridor Capital, LLC fails to make its entire Corridor Payment to the Trustee, the releases and waivers set forth in sections 6 and 7 between the Trustee and the SPB Defendants shall become effective as set forth in this Settlement Agreement but shall not become effective between the Trustee and the Corridor Defendants and the Trustee may separately enforce the estate's claims against each of the Corridor Defendants.

**9.** **Severability.** If any term or provision of this Settlement Agreement is to any extent illegal, in violation of law, or otherwise invalid or unenforceable, then such term shall be excluded to the extent of such invalidity or unenforceability; all other terms hereof shall remain in full force and effect; and, to the extent permitted and possible, the invalid or unenforceable term shall be deemed replaced by a term that is valid and enforceable and that comes closest to expressing the intention of such invalid or unenforceable term. If application of this severability provision should materially affect the economic substance of this Settlement

U.S. Bankruptcy Court - Hawaii   #18-90035   Dkt # 214   Filed  08/25/20   Page 51 of 90

U.S. Bankruptcy Court - Hawaii   #18-90035   Dkt # 180   Filed  07/10/20   Page 18 of 57

Agreement, the party adversely impacted shall be entitled to compensation for such adverse impact, provided the reason for invalidity or unenforceability of a term is not due to serious misconduct by the party seeking compensation.

10. **No Benefit to Third Parties.** Except as otherwise provided herein, the parties agree that this Settlement Agreement is made for the benefit of the parties alone to the extent and in the manner expressly set forth herein, and, accordingly, no third party shall be benefitted by this Settlement Agreement, except insofar as a benefit to the Trustee and the estate will inure to the creditors of the estate in accordance with bankruptcy law and procedures, and no party to this Settlement Agreement does or shall be deemed to release or diminish its claims against third parties by reason of this Settlement Agreement, all of which rights are expressly reserved.

11. **Further Assurances**. The parties agree to do such acts as are necessary to carry out the terms and provisions of this Settlement Agreement.

12. **Attorneys' Fees**. As between the parties to this Agreement, each party shall bear its own costs, expenses, and fees, including attorneys' fees, incurred by each of them in the Main Adversary and the Colbeck Adversary, the mediation, as well as those incurred up to and including this Settlement Agreement and any conditions or additional requirements contained herein, reserving to each party any claims it may have against third parties. In the event of litigation concerning this Settlement Agreement, the losing party shall pay the reasonable attorneys' fees and costs of the prevailing party.

13. **Amendments**. This Settlement Agreement shall not be altered, amended, modified, or otherwise changed, except by writing duly executed by the parties hereto. The parties acknowledge and agree that they will make no claim that this Settlement Agreement has been orally altered or modified. This Settlement Agreement constitutes a single integrated written contract, expresses the entire agreement among the parties hereto, and supersedes all prior oral and written agreements, representations, negotiations, and correspondence with respect to the matters addressed herein.

14. **Construction**. The parties have participated jointly in the negotiation and drafting of this Settlement Agreement. In the event an ambiguity or question of intent or interpretation arises, this Settlement Agreement shall be construed as if drafted jointly by the parties and no presumption or burden of proof shall arise favoring or disfavoring any party by virtue of the authorship of any of the provisions of this Settlement Agreement.

15. **Capacity**. Each of the parties herein represents, warrants, and covenants that each person executing this Settlement Agreement in a representative capacity is duly authorized to do so. Each person executing this Settlement Agreement in a representative capacity represents and warrants that he or she is duly authorized to do so.

16. **Headings**. The descriptive headings of the several sections of this Settlement Agreement are inserted for the convenience of reference only and do not constitute a part of this Settlement Agreement.

17. **Successors and Assigns**. This Settlement Agreement shall inure to the benefit of, and be binding upon, the parties and their respective agents, legal representatives, predecessors, successors, and assigns.

18. **Counterparts and Facsimile Signature**. This Settlement Agreement may be executed in counterparts, each of which shall, for all purposes, be deemed to be an original and all of which shall constitute but one and the same Settlement Agreement. Further, the parties agree that when this Settlement Agreement is executed by any party, a facsimile or electronic copy of that party's signature shall be deemed to be an original signature for any and all purposes.

19. **Governing Law**. This Settlement Agreement shall in all respects be interpreted, enforced and governed under the laws of the State of Hawaii (except insofar as it is subject to and governed by provisions of the United States Bankruptcy Code).

20. **Jurisdiction and Venue**. Any controversies between the Trustee, on the one hand, and the Settling Defendants, on the other hand, regarding this Settlement Agreement shall be resolved in the Bankruptcy Court. Any action related to, based upon, or arising from a breach of this Settlement Agreement shall be brought only in the Bankruptcy Court, which shall retain jurisdiction over the subject matter and parties for this purpose.

IN WITNESS THEREOF, the parties have executed this Settlement Agreement as of the day and year first above written.

[Signatures continue on next page.]

U.S. Bankruptcy Court - Hawaii   #18-90035   Dkt # 214   Filed 08/25/20   Page 53 of 90

U.S. Bankruptcy Court - Hawaii   #18-90035   Dkt # 180   Filed 07/10/20   Page 20 of 57

_____
DANE S. FIELD
Bankruptcy Trustee of the Estate of
Rolloffs Hawaii, LLC

*"Trustee"*

APPROVED AS TO FORM

_____
SIMON KLEVANSKY
CARISA LIMA KA'ALA DUFFY
Attorneys for Trustee Dane S. Field

[This space intentionally left blank.  Signatures continue on next page.]

U.S. Bankruptcy Court - Hawaii   #18-90035   Dkt # 280   Filed 08/26/20   Page 54 of 90

TRASHMASTERS, LLC

By_____

Name: ___ARI BASS___

Its: ___MANAGER___

*"TrashMasters"*

[This space intentionally left blank. Signatures continue on next page.]

U.S. Bankruptcy Court - Hawaii   #18-90035   Dkt # 280   Filed 08/26/20   Page 55 of 90

CORRIDOR CAPITAL, LLC

By _Craig Enenstein_
    Name: _Craig Enenstein_
    Its: _Authorized Signatory_


CORRIDOR CAPITAL ADVISORS, LLC

By _Craig Enenstein_
    Name: _Craig Enenstein_
    Its: _Authorized Signatory, terminated entity_


CORRIDOR TRASHMASTERS L.P.

By _Craig Enenstein_
    Name: _Craig Enenstein_
    Its: _Authorized Signatory, terminated entity_


_Craig Enenstein_
CRAIG ENENSTEIN, individually


_____
L. GEOFFREY GREULICH, individually


_____
EDWARD A. MONNIER, individually


_____
JESSAYMN DAVIS, individually

                                              *"Corridor Defendants"*

CORRIDOR CAPITAL, LLC

By_____
    Name: _____
    Its: _____


CORRIDOR CAPITAL ADVISORS, LLC

By_____
    Name: _____
    Its: _____


CORRIDOR TRASHMASTERS L.P.

By_____
    Name: _____
    Its: _____


_____
CRAIG ENENSTEIN, individually


_____
L. GEOFFREY GREULICH, individually


_____
EDWARD A. MONNIER, individually


_____
JESSAYMN DAVIS, individually

*"Corridor Defendants"*

CORRIDOR CAPITAL, LLC

By_____
    Name: _____
    Its: _____


CORRIDOR CAPITAL ADVISORS, LLC

By_____
    Name: _____
    Its: _____


CORRIDOR TRASHMASTERS L.P.

By_____
    Name: _____
    Its: _____


_____
CRAIG ENENSTEIN, individually


_____
L. GEOFFREY GREULICH, individually


_____
EDWARD A. MONNIER, individually


_____
JESSAYMN DAVIS, individually

*"Corridor Defendants"*

CORRIDOR CAPITAL, LLC

By_____
   Name: _____
   Its: _____


CORRIDOR CAPITAL ADVISORS, LLC

By_____
   Name: _____
   Its: _____


CORRIDOR TRASHMASTERS L.P.

By_____
   Name: _____
   Its: _____


_____
CRAIG ENENSTEIN, individually


_____
L. GEOFFREY GREULICH, individually


_____
EDWARD A. MONNIER, individually


_____
JESSAYMN DAVIS, individually

*"Corridor Defendants"*

SPB MANAGEMENT, LLC

By_____
   Name: _____
   Its: _____


SPB WASTE, LLC

By_____
   Name:   ARI BASS
   Its:   MANAGER


SPB CAPITAL GP, LLC

By_____
   Name: _____
   Its: _____


SPB CAPITAL PARTNERS, L.P.

By_____
   Name: _____
   Its: _____


_____
ARI D. BASS, individually


_____
SCOTT R. BULLOCH, individually


_____
KENNETH M. PRESSBERG, individually

*"SPB Defendants"*

APPROVED AS TO FORM

_____

KENNETH BROWN
CHUCK C. CHOI
Attorneys for TrashMasters, Corridor Defendants
and SPB Defendants

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>ROLLOFFS HAWAII, LLC,<br><br>                Debtor.<br><br>―――――――――――――――<br><br>DANE S. FIELD, Chapter 7 Trustee for the Estate of Rolloffs Hawaii, LLC,<br><br>                Plaintiff,<br><br>          v.<br><br>TRASHMASTERS, LLC; CORRIDOR CAPITAL LLC; CORRIDOR CAPITAL ADVISORS, LLC; CORRIDOR TRASHMASTERS, L.P.; SPB MANAGEMENT, LLC; SPB WASTE, LLC; SPB CAPITAL GP, LLC; SPB CAPITAL PARTNERS, L.P.; SPB PARTNERS, LLC; CRAIG ENENSTEIN; L. GEOFFREY GREULICH; EDWARD A. MONNIER; JESSAMYN DAVIS; ARI D. BASS; SCOTT R. BULLOCH; KENNETH M. PRESSBERG; KRISTIAN GOURLAY; DOUGLAS L. ASAY; DOUGLAS D. ASAY; CHARLES E. LEONARD; BRIAN COLBECK [ESTATE OF BRIAN COLBECK]; ROLLOFFS HAWAII, INC.; THE KNG GROUP, LLC; COLBECK CONSULTING LLC; JOHN DOES 1-50; JANE DOES 1-50; | Civil No. _____<br><br>U.S. Bankruptcy Court-Hawaii<br>Case No. 16-01294 (Chapter 7)<br><br>**PROPOSED FINAL ORDER AND JUDGMENT ADOPTING RECOMMENDATION RE: TRUSTEE'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT [RE: TRASHMASTERS, CORRIDOR AND SPB DEFENDANTS]** |

127426_5.docx

**EXHIBIT "A"**

DOE CORPORATIONS 1-50; DOE
PARTNERSHIPS 1-50; DOE
ENTITIES 1-50,

                Defendants.

**PROPOSED FINAL ORDER AND JUDGMENT ADOPTING
RECOMMENDATION RE: TRUSTEE'S PETITION FOR
DETERMINATION OF GOOD FAITH SETTLEMENT
[RE: TRASHMASTERS, CORRIDOR, AND SPB DEFENDANTS]**

On _____, 2020, the United States Bankruptcy Judge Robert J. Faris issued a Report and Recommendation to the District Court in which he recommended that this Court grant the Trustee's Petition for Determination of Good Faith Settlement [Re: TrashMasters, Corridor, and SPB Defendants], filed on _____ , 2020 (the "Petition").

The Court having reviewed and considered the Report and Recommendation and all relevant filings, and having found that good cause exists,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.     The Court adopts the Report and Recommendation of the Bankruptcy Court.

2.     The Petition is Granted.

3.     Based upon the totality of the circumstances, the settlement entered into between the Plaintiff Trustee DANE S. FIELD (the "Trustee"), and Defendants (i) TRASHMASTERS, LLC; ("TrashMasters"); (ii) CORRIDOR

127426_5.docx

U.S. Bankruptcy Court - Hawaii  #18-90035  Dkt # 214  Filed 08/25/20  Page 63 of 90
U.S. Bankruptcy Court - Hawaii  #18-90035  Dkt # 180  Filed 07/10/20  Page 30 of 57

CAPITAL LLC; CORRIDOR CAPITAL ADVISORS, LLC; CORRIDOR TRASHMASTERS, L.P.; CRAIG ENENSTEIN; L. GEOFFREY GREULICH; EDWARD A. MONNIER; and JESSAMYN DAVIS (collectively the "Corridor Defendants"), and (iii) SPB MANAGEMENT, LLC; SPB WASTE, LLC; SPB CAPITAL GP, LLC; SPB CAPITAL PARTNERS, L.P.; SPB PARTNERS, LLC; ARI D. BASS; SCOTT R. BULLOCH; and KENNETH M. PRESSBERG (collectively the "SPB Defendants", and together with TrashMasters and Corridor Defendants, the "Settling Defendants") as set forth in the Settlement Agreement ("Settlement Agreement"), a copy of which is attached to the Petition as Exhibit "1", was made in good faith, within the meaning of Haw. Rev. Stat. § 663-15.5.

4.     Each of the Settling Defendants and those persons or entities covered by the Releases set forth in the Settlement Agreement are discharged and dismissed with prejudice from all claims, cross-claims, counterclaims and third-party claims (however denominated), except those that may be based on a written indemnity agreement, filed or that could be filed or asserted by Defendants KRISTIAN GOURLAY; DOUGLAS L. ASAY; DOUGLAS D. ASAY; CHARLES E. LEONARD; ROLLOFFS HAWAII, INC.; THE KNG GROUP, LLC; BRIAN COLBECK [ESTATE OF BRIAN COLBECK]; and COLBECK CONSULTING, LLC (the "Non-Settling Defendants"), and any other defendant, third-party defendant, party or any other joint tortfeasor or co-obligor against a Settling

- 3 -

127426_5.docx

Defendant for any of the damages, injuries or losses sustained by the Trustee in connection with or arising out of the matters covered by the Releases set forth in the Settlement Agreement. All such claims by the Non-Settling Defendants against the Settling Defendants are expressly barred by this Order.

     5.    There being no just reason for delay, this order and judgment shall be final, and subject to appeal, pursuant to Fed. R. Civ. P. 54(b) and Fed. R. Bankr. P. 7054.

**END OF FINAL ORDER AND JUDGMENT**

127426_5.docx

U.S. Bankruptcy Court - Hawaii   #18-90035   Dkt # 214   Filed  08/25/20   Page 65 of 90

U.S. Bankruptcy Court - Hawaii   #18-90035   Dkt # 180   Filed  07/10/20   Page 32 of 57

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>ROLLOFFS HAWAII, LLC,<br><br>        Debtor. | Case No. 16-01294<br>(Chapter 7) |
| DANE S. FIELD, Chapter 7 Trustee for the Estate of Rolloffs Hawaii, LLC<br><br>        Plaintiff,<br><br>        v.<br><br>TRASHMASTERS, LLC; CORRIDOR CAPITAL LLC; CORRIDOR CAPITAL ADVISORS, LLC; CORRIDOR TRASHMASTERS, L.P.; SPB MANAGEMENT, LLC; SPB WASTE, LLC; SPB CAPITAL GP, LLC; SPB CAPITAL PARTNERS, L.P.; SPB PARTNERS, LLC; CRAIG ENENSTEIN; L. GEOFFREY GREULICH; EDWARD A. MONNIER; JESSAMYN DAVIS; ARI D. BASS; SCOTT R. BULLOCH; KENNETH M. PRESSBERG; KRISTIAN GOURLAY; DOUGLAS L. ASAY; DOUGLAS D. ASAY; CHARLES E. LEONARD; BRIAN COLBECK [ESTATE OF BRIAN COLBECK]; ROLLOFFS HAWAII, INC.; THE KNG GROUP, LLC; COLBECK CONSULTING LLC; JOHN DOES 1- | Adversary Proceeding No. 18-90035<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFF'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT [RE: TRASHMASTERS, CORRIDOR AND SPB DEFENDANTS]** |

x

126324_9.docx

126324_9.docx

U.S. Bankruptcy Court - Hawaii   #18-90035   Dkt # 284   Filed 08/26/20   Page 66 of 90

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>ROLLOFFS HAWAII, LLC,<br><br>    Debtor. | Case No. 16-01294<br>(Chapter 7) |
| DANE S. FIELD, Chapter 7 Trustee for the Estate of Rolloffs Hawaii, LLC<br><br>    Plaintiff,<br><br>    v.<br><br>TRASHMASTERS, LLC; CORRIDOR CAPITAL LLC; CORRIDOR CAPITAL ADVISORS, LLC; CORRIDOR TRASHMASTERS, L.P.; SPB MANAGEMENT, LLC; SPB WASTE, LLC; SPB CAPITAL GP, LLC; SPB CAPITAL PARTNERS, L.P.; SPB PARTNERS, LLC; CRAIG ENENSTEIN; L. GEOFFREY GREULICH; EDWARD A. MONNIER; JESSAMYN DAVIS; ARI D. BASS; SCOTT R. BULLOCH; KENNETH M. PRESSBERG; KRISTIAN GOURLAY; DOUGLAS L. ASAY; DOUGLAS D. ASAY; CHARLES E. LEONARD; BRIAN COLBECK [ESTATE OF BRIAN COLBECK]; ROLLOFFS HAWAII, INC.; THE KNG GROUP, LLC; COLBECK CONSULTING LLC; JOHN DOES 1- | Adversary Proceeding No. 18-90035<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFF'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT [RE: TRASHMASTERS, CORRIDOR AND SPB DEFENDANTS]** |

126324_9.docx

U.S. Bankruptcy Court - Hawaii   #18-90035   Dkt # 284   Filed 08/26/20   Page 66 of 90

50; JANE DOES 1-50; DOE
CORPORATIONS 1-50; DOE
PARTNERSHIPS 1-50; DOE
ENTITIES 1-50,

                    Defendants.

---

DANE S. FIELD, Chapter 7 Trustee          Adversary Proceeding No. 18-90034
for the Estate of Rolloffs Hawaii, LLC

                    Plaintiff,

          v.

TRASHMASTERS, LLC; COLBECK
CONSULTING LLC; BRIAN
COLBECK; JOHN DOES 1-50;
JANE DOES 1-50; DOE
CORPORATIONS 1-50;
PARTNERSHIPS 1-50; DOE
ENTITIES 1-50,

                    Defendants.

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S PETITION
FOR DETERMINATION OF GOOD FAITH SETTLEMENT
[RE: TRASHMASTERS, CORRIDOR AND SPB DEFENDANTS]**

[This space has been intentionally left blank]

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .......................................................................... ii

I.    INTRODUCTION ..........................................................................1

II.   BACKGROUND .............................................................................2

III.  TERMS OF THE SETTLEMENT .................................................4

IV.   DETERMINATION OF GOOD FAITH SETTLEMENT............................7

V.    THE    TOTALITY    OF    THE    CIRCUMSTANCES
      DEMONSTRATES THAT THE SETTLEMENT AGREEMENT
      WAS MADE IN GOOD FAITH ...................................................8

      1.    Type of Case and Difficulty of Proof at Trial ..................9

      2.    Approximation of Damages............................................11

      3.    Strength of Claims ........................................................12

      4.    Expense of Litigation.....................................................13

      5.    Relative Degree of Fault................................................13

      6.    Consideration.................................................................14

      7.    Available Insurance .......................................................15

      8.    Collusion or Wrongdoing and Injury to Non-Settling Parties........16

VI.   ENTRY OF ORDER BY THE UNITED STATES DISTRICT
      COURT FOR THE DISTRICT OF HAWAII.............................17

VII.  CONCLUSION.............................................................................17

# TABLE OF AUTHORITIES

Page

**CASES**

Stern v. Marshall,
    564 U.S. 462 (2011) .......................................................... 17

Troyer v. Adams,
    102 Haw. 399, 77 P.3d 83 (2003) ..................................... 8

**STATUTES**

Hawaii Revised Statutes

Haw. Rev. Stat. § 663-15.5 .......................................... 2, 7, 17

Haw. Rev. Stat. § 663-15.5(a) ....................................... 7

Haw. Rev. Stat. § 663-15.5(b) ....................................... 7

**RULES**

Federal Rules of Bankruptcy Procedure

Fed. R. Bankr. P. 9019 .................................................. 5

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S PETITION
## FOR DETERMINATION OF GOOD FAITH SETTLEMENT
## [RE: TRASHMASTERS, CORRIDOR AND SPB DEFENDANTS]

DANE S. FIELD (the "Plaintiff" or "Trustee"), the duly appointed Chapter 7 bankruptcy trustee of the estate of Debtor ROLLOFFS HAWAII, LLC in the bankruptcy case In re Rolloffs Hawaii, LLC, Bk. No. 16-01294 (the "Bankruptcy Case"), and the Plaintiff in the adversary proceedings (i) Dane S. Field v. TrashMasters, LLC, et al., Adv. Proc. No. 18-90035 (the "Main Adversary") and (ii) Dane S. Field v. TrashMasters, LLC, Adv. Proc. No. 18-90034 (the "Colbeck Adversary"), hereby submits this Memorandum in Support of Plaintiff's Petition for Determination of Good Faith Settlement [Re: TrashMasters, Corridor, and SPB Defendants] (the "Petition").

## I.     INTRODUCTION

Plaintiff seeks this Court's report and recommendation to the United States District Court for the District of Hawaii (the "District Court") requesting that the District Court enter an order ("Good Faith Order") in the Main Adversary and the Colbeck Adversary , in substantially the form attached to the Petition as Exhibit "1", determining that the Settlement Agreement between the Plaintiff, Defendant TrashMasters, LLC ("TrashMasters"), the "Corridor Defendants"[1] and the "SPB

---

[1]     The term "Corridor Defendants" includes the following defendants: (i) Corridor Capital LLC ("Corridor Capital"); (ii) Corridor Capital Advisors, LLC;

Defendants"[2], a copy of which is attached to the Petition as <u>Exhibit "2"</u>, has been entered into in good faith, as provided in Haw. Rev. Stat. § 663-15.5, and as a consequence, the "Remaining Defendants"[3] are barred from asserting claims and cross claims against the "Settling Defendants". (Collectively, TrashMasters, the Corridor Defendants and the SPB Defendants are referred to herein as the "<u>Settling Defendants</u>").

For the reasons discussed below, this Settlement Agreement was entered into in "good faith" pursuant to Haw. Rev. Stat. § 663-15.5.

## II.    BACKGROUND

On December 7, 2018, the Trustee filed a Complaint against, *inter alia*, the Settling Defendants in the Main Adversary alleging various claims of fraudulent conveyance/transfer, breach of fiduciary duties, conspiracy, aiding and abetting,

---

(iii) Corridor TrashMasters, L.P.; (iv) Craig Enenstein; (v) L. Geoffrey Greulich; (vi) Edward A. Monnier; and (vii) Jessamyn Davis.

[2]    The term "SPB Defendants" includes the following defendants: (i) SPB Management, LLC ("<u>SPB Management</u>"); (ii) SPB Waste, LLC; (iii) SPB Capital GP, LLC; (iv) SPB Capital Partners, L.P. ("<u>SPB Capital</u>"); (v) SPB Partners, LLC; (vi) Ari D. Bass; (vii) Scott R. Bulloch; and (viii) Kenneth M. Pressberg.

[3]    The term "<u>Remaining Defendants</u>" includes the following defendants in the Main Adversary: Kristian Gourlay ("<u>Mr. Gourlay</u>"); Douglas L. Asay; Douglas D. Asay; Charles E. Leonard; Rolloffs Hawaii, Inc. ("<u>ROHI</u>"); The KNG Group, LLC ("<u>KNG</u>"); Brian Colbeck ("<u>Mr. Colbeck</u>") and Colbeck Consulting, LLC ("<u>Colbeck Consulting</u>"), and Mr. Colbeck and Colbeck Consulting in the Colbeck Adversary. (The Trustee has abandoned, but has not yet dismissed, his claims against Mr. Colbeck and Colbeck Consulting.)

alter ego, single business enterprise, and unjust enrichment.[4]  These claims against the Settling Defendants were rooted in substantial part in the Trustee's allegations that the Debtor fraudulently transferred approximately $1.8 million in purported "advisory fees" to the Settling Defendants, and that in order to obtain these advisory fees, the Settling Defendants intentionally formed the Debtor and its parent company, TrashMasters, (i) with the fraudulent intent of extracting the advisory fees ahead of the Debtor's creditors, and, to that end (ii) causing the Debtor to pay other debts of TrashMasters, and incidentally enabling the Settling Defendants' extraction of the advisory fees from the Debtor.

In addition, on December 6, 2018, the Trustee filed a Complaint against TrashMasters, Colbeck Consulting, and Mr. Colbeck in the Colbeck Adversary in which the Trustee sought to avoid and recover $24,000 in payments the Debtor made to Colbeck Consulting and/or Mr. Colbeck within the 90 days prior to the Debtor's filing of its petition on the basis that it was a preference, or in the alternative an obligation of TrashMasters and not the Debtor, and thus fraudulent transfers made for the benefit of TrashMasters.

---

[4]    The Trustee filed a First Amended Complaint on July 31, 2019 in which he amended certain of the claims made in the initial Complaint.

U.S. Bankruptcy Court - Hawaii   #18-90035   Dkt # 280   Filed 08/26/20   Page 72 of 90

The record of the Main Adversary and Colbeck Adversary is incorporated herein by reference, and the Court may take notice of that record with which it is familiar.

The Trustee and the Settling Defendants engaged in a lengthy private mediation in early May 2020 in which they briefed, further argued, and evaluated their respective claims and defenses. As a result of the mediation, subject to Court approval, the Trustee and the Settling Defendants have negotiated a settlement of the Trustee's claims against the Settling Defendants in the Main Adversary and the Colbeck Adversary, as set forth in the Settlement Agreement attached to the Petition as Exhibit "2".

## III.    TERMS OF THE SETTLEMENT

The material terms of the Settlement Agreement provide as follows.

1.    Settlement Payment. The Corridor Defendants and the SPB Defendants shall pay to the Plaintiff the sum of $1,700,000.00 (the "Settlement Payment"), an amount closely approximating the aggregate in advisory fees. The Settlement Payment essentially allows the Trustee to recover in substantial part the advisory fees the Debtor paid to the Corridor Defendants and the SPB Defendants, and which the Trustee sought to avoid and recover in Counts 9-20 of his First Amended Complaint. Corridor Capital shall pay the Trustee $943,500.00 (the

"Corridor Payment"), and SPB Capital shall pay the Trustee $756,500.00 (the "SPB Payment").

Both the Corridor Payment and the SPB Payment shall be made to the Plaintiff, within five (5) days after (and no earlier): (i) entry of a final, non-appealable order approving the Settlement Agreement pursuant to Fed. R. Bankr. P. 9019 ("Settlement Order"), and (ii) entry of a final non-appealable Good Faith Order in the Main Adversary and Colbeck Adversary.[5]

2.    Settling Defendants' Release and Waiver.  Upon the Trustee's release and waiver of each of Debtor estate's claims against the Settling Defendants, each of the Settling Defendants shall separately release and waive each of their respective claims against the Trustee.

3.    Trustee's Release and Waiver.  The Trustee shall separately release and waive his claims against the Settling Defendants effective upon: (i) the Trustee's receipt of each of the Settling Defendants' respective portions of the Settlement Payment (including any applicable interest), (ii) entry of a non-

---

[5]    The Settlement Order and Good Faith Orders are intended by the parties to become "final and non-appealable" when the time for appeal has run.  Should either order be "appealed", the parties agree the Main Adversary and Colbeck Adversary shall remain stayed as between the Trustee and the Settling Defendants during the pendency of any appeals, the Trustee's claims against the Settling Defendants may be severed, and findings and determinations made in the Main Adversary and Colbeck Adversary shall not be entitled to a preclusive effect as between the Settling Defendants and the Trustee.

appealable Settlement Order, and (iii) entry of a non-appealable Good Faith Order, and subject to the Trustee's right to rescind his release and waiver in the event Corridor Capital or SPB Capital (the parties who are to pay the Corridor Payment and the SPB Payment) becomes the subject of a bankruptcy proceeding. The Trustee is not releasing and waiving his claims against any of the Remaining Defendants in the Main Adversary or the Colbeck Adversary.

Within seven (7) days after the passing of ninety-one (91) days after the Trustee's receipt of the Corridor Payment or the SPB Payment, the Trustee shall seek to dismiss with prejudice the Trustee's claims against the applicable "released" Settling Defendants in the Main Adversary and/or the Colbeck Adversary.

4. <u>Stay of litigation</u>. Litigation in the Main Adversary and Colbeck Adversary shall be stayed as between the Trustee and the Settling Defendants while the parties obtain entry of a non-appealable Settlement Order and Good Faith Order. In the event of an appeal of either the Settlement Order or the Good Faith Order, the Trustee shall have the right to sever and stay the Trustee's claims against the Settling Defendants and continue to litigate the Trustee's claims against the Remaining Defendants in the Main Adversary and Colbeck Adversary, notwithstanding the appeal.

5. <u>Extension of Trial Date</u>. The Settling Defendants agree to not object to an extension of the trial date in the Main Adversary, to the extent necessary

to account for the time it will take for entry of a final, non-appealable Settlement Order and final, non-appealable Good Faith Order.

## IV.    DETERMINATION OF GOOD FAITH SETTLEMENT

Pursuant to Haw. Rev. Stat. § 663-15.5, a party may petition the Court for a hearing on the issue of the "good faith" of a settlement entered into by the plaintiff and one or more alleged tortfeasors or co-obligors.  <u>See</u> Haw. Rev. Stat. § 663-15.5(b)

Under Haw. Rev. Stat. § 663-15.5:

(a)  A release, dismissal with or without prejudice, or a covenant not to sue or not to enforce a judgment that is given in good faith under subsection (b) to one or more joint tortfeasors, or to one or more co-obligors who are mutually subject to contribution rights, shall:

(1)    <u>Not discharge any other joint tortfeasor or co-obligor not released from liability unless its terms so provide;</u>

(2)    <u>Reduce the claims against the other joint tortfeasor or co-obligor not released in the amount stipulated by the release, dismissal, or covenant, or in the amount of the consideration paid for it, whichever is greater; and</u>

(3)    <u>Discharge the party to whom it is given from all liability for any contribution to any other joint tortfeasor or co-obligor</u>.

Haw. Rev. Stat. § 663-15.5(a) (emphasis added).

U.S. Bankruptcy Court - Hawaii   #18-90035   Dkt # 280   Filed 08/26/20   Page 76 of 90

The determination of whether a settlement is in good faith is within the sound discretion of the trial court in light of the circumstances surrounding the settlement. <u>Troyer v. Adams</u>, 102 Haw. 399, 427, 77 P.3d 83, 111 (2003). The Hawaii Supreme Court has provided a non-exclusive list of factors a court may consider, to the extent they are known at the time of settlement, in determining whether the settlement was given in good faith:

> (1) the type of case and difficulty of proof at trial, e.g., rear-end motor vehicle collision, medical malpractice, product liability, etc.; (2) the realistic approximation of total damages that the plaintiff seeks; (3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial; (4) the predicted expense of litigation; (5) the relative degree of fault of the settling tortfeasors; (6) the amount of consideration paid to settle the claims; (7) the insurance policy limits and solvency of the joint tortfeasors; (8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and (9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose.

<u>Id.</u>

## V. THE TOTALITY OF THE CIRCUMSTANCES DEMONSTRATES THAT THE SETTLEMENT AGREEMENT WAS MADE IN GOOD FAITH

The Settlement Agreement in this case was made in good faith under the totality of circumstances. Each of the non-exhaustive list of factors that the Hawaii Supreme Court has set forth in <u>Troyer</u>, 102 Haw. at 427, and which a court

may consider when determining whether a settlement has been given in good faith are discussed below.

### 1.    Type of Case and Difficulty of Proof at Trial

In the Main Adversary, the Trustee alleged forty-three (43) Counts in his FAC seeking to recover transfers made to one or more of the twenty-four (24) defendants named in the case and principally arising from five (5) groups of transfers (approximately $12M) that the Debtor made – (i) advisory fees (approximately $1.8M) paid to Corridor Capital (which the Trustee alleges benefitted each of the Corridor Defendants), and SPB Management (which the Trustee alleges benefitted each of the SPB Defendants), (ii) 2009 purchase price payments (approximately $7.1M) to ROHI, (iii) 2012 payment (approximately $752k) to ROHI on a promissory note from TrashMasters, (iv) 2012 payment (approximately $1.5M) to KNG on a promissory note from TrashMasters, and (v) payments (approximately $417k) made to Mr. Colbeck and/or Colbeck Consulting pursuant to a consulting agreement with TrashMasters.  In addition, the Trustee has alleged counts of wrongdoing, including breach of fiduciary duties, conspiracy, aiding and abetting, alter ego, single business enterprise, and unjust enrichment.  The complexity of the case was not only evident from the number of claims (43 claims), but also from the number of defendants (24 defendants), and the time span over which the claims were made (2009-2016).

As the Court is well aware, issues of insolvency, reasonable equivalent value, duties, and extension of liability to the various Settling Defendants via the Trustee's claims of conspiracy, alter ego, and single business enterprise were raised in the Main Adversary through the Settling Defendants' and Mr. Gourlay and KNG's (the "KNG Defendants") motions to dismiss. As these issues are highly factual in nature, and may require expert witnesses, the case was expected by the Trustee and the Settling Parties to be both expensive and challenging, with risks on both sides.

Further, as only SPB Management and Corridor Capital were the direct/initial transferees of the $1.8M in Advisory Fees, to extend liability to the Settling Defendants who were not direct transferees of funds from the Debtor, the Trustee alleged in the FAC claims of breach of fiduciary duty, conspiracy, alter ego, and single enterprise. The Trustee believes the claims are meritorious, however given, *inter alia*, the use of TrashMasters as an intermediary holding company, the corporate structure of the Settling Defendants (including their formation in other jurisdictions), the financial condition of these entities, the high legal standards that must be met to extend liability to non-transferees, and the fact intensive nature of these claims against the Settling Defendants, which the Trustee alleged "benefitted" from these transfers, these claims would be uncertain and difficult to prove at trial.

Finally, in the Colbeck Adversary, the Trustee sought to recover $24,000 from Mr. Colbeck and Colbeck Consulting, as initial transferees of

preferential and/or fraudulent transfers, and from TrashMasters, as an entity for whose benefit said transfers were made. As the Court is aware, Mr. Colbeck took his own life in May 2019 and the Trustee has abandoned the Debtor estate's claims against Mr. Colbeck and Colbeck Consulting as it did not appear that either had assets available to satisfy a potential judgment against them in the Main Adversary or the Colbeck Adversary.[6] With Mr. Colbeck no longer available and TrashMasters having no assets, it would not only be difficult for the Trustee to pursue the claims, it would be difficult to collect upon any judgment.

## 2. Approximation of Damages

The Trustee generally alleged in the Main Adversary that the Settling Defendants were responsible for certain fraudulent transfers made, the aggregate amount of which was approximately $12 Million. The Settling Defendants, however, only directly received approximately $1.8 Million in advisory fees from the Debtor. The other $10.2 Million were transfers made to other defendants in the case (ROHI, the KNG Group, and Mr. Colbeck/ Colbeck Consulting).

To extend liability to the Settling Defendants that were not initial transferees of the advisory fees, required the Trustee to prevail on its other claims of

---

[6] *See* Noticed of Proposed Abandonment of Property, filed on March 19, 2020 [Dkt. # 529] and Order Authorizing Trustee's Abandonment of Property, filed on March 9, 2020 [Dkt. #532] in the Bankruptcy Case.

U.S. Bankruptcy Court - Hawaii #18-90035 Dkt # 280 Filed 08/26/20 Page 80 of 90

wrongdoing. These claims, however, as discussed above were complex and challenging, making the Trustee's claims against the Settling Defendants more difficult to prove beyond the $1.8M that SPB Management and Corridor Capital had received.

Further, TrashMasters was utilized as an intermediary shell holding company, and accordingly had no operations, income or assets from which the Trustee could recover should he prevail on his claims and obtain judgment against TrashMasters. (TrashMasters' only asset was its equity interest in the Debtor.) Similarly, the death of Mr. Colbeck, as stated earlier, made it difficult to collect the $24,000 the Trustee pursued in the Colbeck Adversary, let alone the $417,000 the Trustee pursued in the Main Adversary against Mr. Colbeck and Colbeck Consulting.

### 3. Strength of Claims

As set forth above, while the Trustee alleged colorable claims against the Settling Defendants in the Main Adversary, the claims were subject to *inter alia* issues of alleged solvency, reasonably equivalent value and statute of limitations defenses, and high legal standards to extend liability to non-transferees who the Trustee alleged "benefitted" from the alleged transfers. In the Colbeck Adversary, the death of Mr. Colbeck presented a challenge in the Trustee's claims against TrashMasters. In any event, there is uncertainty in all litigation, and there is greater

U.S. Bankruptcy Court - Hawaii  #18-90035  Dkt # 280  Filed 08/26/20  Page 81 of 90

uncertainty of obtaining a judgment against the Settling Defendants upon any other claims except the claims for the advisory fees.

### 4. Expense of Litigation

Litigation of the claims made against the Settling Defendants would have been expensive. The Settling Defendants had already filed two (2) very complex and lengthy motions to dismiss, with the KNG Defendants filing their own separate motion for judgment on the pleadings, which caused the Settling Defendants as well as the Trustee to incur substantial legal fees. While the Trustee had conducted some discovery, additional discovery, including depositions would have been necessary, and the likelihood of discovery disputes (as well as other pretrial disputes) highly anticipated. In addition, factual issues like insolvency required the use of expert witnesses which only would have increased the expense of litigation to both the Trustee and the Settling Defendants.

The Settlement Agreement reduces the litigation expenses to the estate and guarantees a greater return to unsecured creditors in the case.

### 5. Relative Degree of Fault

The Trustee alleged in the FAC that the Settling Defendants intentionally set up and engaged in a fraudulent scheme whereby they formed shell entities (TrashMasters, Corridor TrashMasters, L.P. and SPB Waste, LLC) to shield them from liability, all the while causing the Debtor to pay for the debts of its parent

holding company, TrashMasters.  Corridor Capital and SPB Management, however, were the only entities that directly received the advisory fees which the Trustee is recovering in the Settlement Agreement.  The other Settling Defendants were alleged to have been subsequent transferees or entities for whose benefit the advisory fees were made, and entities for whose benefit the other alleged fraudulent transfers were made.  As a result, the relative degree of fault of the Settling Defendants in respect of the other $10M in claims the Trustee had made against the Remaining Defendants in the case is uncertain.

Thus, to the extent the Settlement Agreement recovers for the estate a substantial portion of the advisory fees the Debtor paid to Corridor Capital and SPB Management, it is consistent with the degree of fault attributable to the Settling Defendants in the case.

### 6.    Consideration

In the Settlement Agreement, the Trustee is to receive a Settlement Payment in the amount of $1,700,000.00 from the Settling Defendants, which essentially recovers, for the benefit of the Debtor's estate, a substantial portion of the $1,849,131.62 in advisory fees which the Debtor paid to Corridor Capital and SPB Management.  While the $1.7M Settlement Payment is less than the $12M in claims the Trustee had made against all of the Defendants in the case, the Settlement

consideration recovers a considerable portion of the payments the Settling Defendants received as initial transferees from the Debtor.[7]

The remaining $10M in transfers were made to other defendants in the case, including ROHI, KNG and Mr. Colbeck/Colbeck Consulting.[8] ROHI and KNG, however, held equity positions in TrashMasters, and Mr. Gourlay, a principal of KNG, held a management position in the Debtor. Accordingly, the principals of ROHI as well as KNG were well aware of the way in which the contested transfers were made, and made no objection when they received said transfers.

### 7. Available Insurance

The Settling Defendants represented to the Trustee that certain insurance proceeds were available to Corridor, and that while SPB had coverage, it had largely exhausted its limits on other unrelated claims. Further, the policies are "cannibalizing", and continued litigation would exhaust the availability of insurance proceeds to settle or satisfy any judgment. The Settling Defendants have represented to the Trustee that all available insurance proceeds will be exhausted and used to fund the Settlement Payment and while the insurance proceeds will not fund the

---

[7] TrashMasters was a shell holding company with no operations and income, with its sole asset being its equity interest in the Debtor. Accordingly, the Trustee would be unable to recover from TrashMasters any portion of the Settlement Payment.

[8] The Trustee has abandoned his claims against Mr. Colbeck and Colbeck Consulting.

entire Settlement Payment, one or more of the Corridor Defendants is funding the deficiency as to the Corridor Payment in cash, and one or more of the SPB Defendants is funding the deficiency as to the SPB Payment in cash.

**8. Collusion or Wrongdoing and Injury to Non-Settling Parties**

The Trustee is an independent, court appointed fiduciary, who has had no relationship or dealings with the Settling Defendants prior to having been appointed as the Chapter 11, and later the Chapter 7 Trustee, of the Debtor's estate, and whose duties include a duty to pursue recoveries for distribution to the estate's creditors. Accordingly, there is no collusion or wrongdoing between the Trustee and the Settling Defendants. Further, the Trustee in settling with the Settling Defendants is seeking to recover amounts those parties received as alleged fraudulent transfers. While the Trustee has made other claims against the Settling Defendants, those claims relate to transfers made to other defendants, meaning the Settling Defendants did not directly receive those transfers. As a result, the Settlement Agreement does not harm the non-settling defendants in this case. Further, ROHI, KNG and Mr. Gourlay, non-settling defendants that received direct transfers from the Debtor, were well aware of the Settling Defendants' conduct, as they were also equity holders in TrashMasters and/or officers/directors of the Debtor and/or TrashMasters.

## VI. ENTRY OF ORDER BY THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAII

The Settlement Agreement contemplates the entry of an order by the District Court in the Main Adversary and Colbeck Adversary determining this settlement to have been made in good faith, pursuant to Haw. Rev. Stat. § 663-15.5., and barring claims and dismissing cross-claims by non-settling defendants in the Main Adversary and the Colbeck Adversary. This additional request is being made as the Settling Defendants are concerned that a good faith determination order under Haw. Rev. Stats. § 663-15.5 must be made by an Article 3 judge under <u>Stern v. Marshall</u>, 564 U.S. 462 (2011). Accordingly, the Trustee respectfully requests that this Court submit a report and recommendation to the District Court requesting entry of an order in substantially the form attached as <u>Exhibit "1"</u> in the Main Adversary and Colbeck Adversary determining that the Settlement Agreement has been entered into in good faith, as provided in Haw. Rev. Stat. § 663-15.5 and barring claims and dismissing cross-claims of the Remaining Defendants.

## VII. CONCLUSION

Based on the foregoing, the Plaintiff respectfully requests that this Court issue its report and recommendation to the District Court requesting the District Court's entry of an order in the Main Adversary and the Colbeck Adversary, in substantially the form attached as <u>Exhibit "1"</u>, determining that the Settlement Agreement has been entered into in good faith, as provided in Haw. Rev. Stat. § 663-

15.5, and barring claims and dismissing cross-claims of the Remaining Defendants against the Settling Defendants.

DATED: Honolulu, Hawaii, July 10, 2020.

/s/ Carisa Lima Ka'ala Duffy
SIMON KLEVANSKY
ALIKA L. PIPER
CARISA LIMA KA'ALA DUFFY
Attorneys for Trustee Dane S. Field

---

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>ROLLOFFS HAWAII, LLC,<br><br>            Debtor. | Case No. 16-01294<br>(Chapter 7) |
| DANE S. FIELD, Chapter 7 Trustee for the Estate of Rolloffs Hawaii, LLC<br><br>            Plaintiff,<br><br>          v.<br><br>TRASHMASTERS, LLC; CORRIDOR CAPITAL LLC; CORRIDOR CAPITAL ADVISORS, LLC; CORRIDOR TRASHMASTERS, L.P.; SPB MANAGEMENT, LLC; SPB WASTE, LLC; SPB CAPITAL GP, LLC; SPB CAPITAL PARTNERS, L.P.; SPB PARTNERS, LLC; CRAIG ENENSTEIN; L. GEOFFREY GREULICH; EDWARD A. MONNIER; JESSAMYN DAVIS; ARI D. BASS; SCOTT R. BULLOCH; KENNETH M. PRESSBERG; KRISTIAN GOURLAY; DOUGLAS L. ASAY; DOUGLAS D. ASAY; CHARLES E. LEONARD; BRIAN COLBECK [ESTATE OF BRIAN COLBECK]; ROLLOFFS HAWAII, INC.; THE KNG GROUP, LLC; COLBECK CONSULTING LLC; JOHN DOES 1- | Adversary Proceeding No. 18-90035<br><br>**DECLARATION OF DANE S. FIELD** |

50; JANE DOES 1-50; DOE
CORPORATIONS 1-50; DOE
PARTNERSHIPS 1-50; DOE
ENTITIES 1-50,

        Defendants.

---

DANE S. FIELD, Chapter 7 Trustee     Adversary Proceeding No. 18-90034
for the Estate of Rolloffs Hawaii, LLC

        Plaintiff,

    v.

TRASHMASTERS, LLC; COLBECK
CONSULTING LLC; BRIAN
COLBECK; JOHN DOES 1-50;
JANE DOES 1-50; DOE
CORPORATIONS 1-50;
PARTNERSHIPS 1-50; DOE
ENTITIES 1-50,

        Defendants.

## **DECLARATION OF DANE S. FIELD**

    DANE S. FIELD declares under penalty of perjury as follows:

    1.    I am the duly appointed Chapter 7 Trustee ("Trustee") of the

bankruptcy estate of Rolloffs Hawaii, LLC (the "Debtor") in the above-captioned

case.

2.     I make this declaration in support of Plaintiff's Petition for Determination of Good Faith Settlement [Re: TrashMasters, Corridor and SPB Defendants], filed concurrently herewith (the "Petition").

3.     I have reviewed the contents of the Petition and the Memorandum in Support of the Petition and attest that the facts set forth therein are true and correct to the best of my knowledge, information and belief.

4.     Attached to the Petition as Exhibit "2", is a true and correct copy of the Settlement Agreement negotiated and agreed to among the Trustee and the Settling Defendants as defined in the Settlement Agreement and the Petition.

5.     For the reasons set forth in the Petition and the Memorandum in Support of the Petition, the Settlement Agreement is in the best interests of the Debtor's estate, is reasonable, and is entered into in good faith.

I declare, under penalty of perjury, that the foregoing is true and correct.

DATED:  Honolulu, Hawaii, July 8, 2020.

/s/  Dane S. Field
DANE S. FIELD