

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>ROLLOFFS HAWAII, LLC,<br><br>Debtor. | Case No. 16-01294<br>Chapter 7 |
| DANE S. FIELD, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>TRASHMASTERS, LLC, et al.<br><br>Defendants. | Adv. Pro. No. 18-90035<br><br>Dkt. 297, 332, 344 |

### ORDER GRANTING IN PART
### <u>DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>

Defendant Rolloffs Hawaii, Inc. ("RHI") requests partial summary

judgment on the issue of the proper standard for valuing the assets of the

debtor, Rolloffs Hawaii LLC (the "Debtor"), to determine its solvency at the time of certain allegedly fraudulent transfers. Specifically, RHI argues that the Debtor's assets should be valued on a "going concern" basis rather than a "liquidation" basis.

The motion was heard on August 13, 2021. Brett R. Tobin appeared for RHI and Simon Klevansky appeared for Trustee Field.

For the reasons stated on the record, I will grant the motion in part and deny it in part as follows.

I. DISCUSSION

Section 544(b) of the Bankruptcy Code (in summary) permits a trustee to assert certain transfer-avoidance claims that a creditor could assert. In this case, the trustee has employed this authority to assert claims under the Hawaii Uniform Fraudulent Transfers Act (Haw. Rev. Stat. ch. 651C) and provisions applicable to the collection of debts owed to the United States (26 U.S.C. §§ 6901 and 6502 and 28 U.S.C. § 3304).

2

Some of the trustee's claims under these provisions turn on whether the Debtor was "insolvent" at the date of the challenged transfers. The Hawaii statute provides that a "debtor is insolvent if the sum of the debtor's debts is greater than all of the debtor's assets, at a fair valuation." Haw. Rev. Stat. § 651C-2(a). The federal statute defines "insolvent" in the same way. 28 U.S.C. § 3302(a).

No case law addresses the question whether, under these statutes, a "fair valuation" means a "going concern" value, a "liquidation" value, or something else.

RHI argues that I should follow the case law construing § 101(32) of the Bankruptcy Code. That section provides that, with respect to an entity like the Debtor, the term "insolvent" means "a financial condition such that the sum of such entity's debts is greater than all of such entity's property, at a fair valuation," with exceptions that do not apply here. Thus, the language of § 101(32) is nearly identical to the language of 28 U.S.C. § 3302(a) and Haw. Rev. Stat. section 651C-2(a).

3

U.S. Bankruptcy Court - Hawaii   #18-90035   Dkt # 364   Filed 08/18/21   Page 3 of 6

Courts construing § 101(32) hold that the "fair valuation" of a transferor's assets depends on (among other things) whether, at the time of the transfer, the transferor was a "going concern or was on its deathbed." *Wolkowitz v. Am. Rsch. Corp. (In re DAK Indus., Inc.)*, 170 F.3d 1197 (9th Cir. 1999) (cleaned up), *aff'g* 195 B.R. 117 (Bankr. C.D. Cal. 1996).

A transferor is "on its deathbed" "if its liquidation was clearly imminent when the transfers were made." *In re DAK Indus.*, 195 B.R. 117, 125. Conversely, a transferor is a "going concern" if it is "a concern that can cover its costs." *In re Taxman Clothing Co.*, 905 F.2d 166, 169 (7th Cir. 1990); *accord Off. Comm. of Unsecured Creditors of Toy King Distribs., Inc. v. Liberty Sav. Bank, FSB (In re Toy King Distribs., Inc.)*, 256 B.R. 1, 92 (Bankr. M.D. Fla. 2000) ("Despite repeated borrowings, the debtor could not continue as a going concern without additional equity infusions because it was unable to generate sufficient sales to allow it to pay its operating costs in addition to its debt."). To determine whether a company was a going concern, "there is no talismanic inquiry; [the court] must review the entire financial picture of

4

the debtor." *Gillman v. Sci. Rsch. Prods. Inc. (In re Mama D'Angelo, Inc.)*, 55 F.3d 552, 555 (10th Cir. 1995).

I conclude that "fair valuation" means the same thing in each of these three statutes because their language, contexts, and evident purposes are nearly identical. I am troubled, however, that the cited decisions assume that a debtor is either a "going concern" or is "on its death bed." This binary view ignores the fact that many companies are neither doomed to failure nor assured of survival. For companies in this zone of uncertainty, a court construing the statutes on which the trustee relies might hold that a fair valuation lies somewhere between going concern and liquidation value depending on the probability of success or failure.

Whether the transferor was a going concern on a given date is a question of fact. *Id.* The amount of time that passed between the date of the transfer and the date of the transferor's bankruptcy filing is relevant to the question of whether the debtor was a going concern at the date of the transfer, but the time lapse is not necessarily determinative of the question.

5

In this case, there are genuine issues of fact concerning whether the Debtor was a "going concern," "on its deathbed," or somewhere in between on the dates of the challenged transfers. These issues preclude determination of the proper measure of "fair valuation" on summary judgment.

This decision does not address the allocation of the burden of proof, the availability or effect of any presumptions, any claims which do not turn on these statutory definitions of "insolvency," or any other issues not specifically addressed in this order.

## II.  CONCLUSION

In conclusion, I will GRANT RHI's motion in part by recognizing that the "going concern" standard is the correct method to value the Debtor's assets if the evidence shows that the Debtor was a going concern when the transfers were made. I will DENY the motion in all other respects.

**END OF ORDER**