

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>ROLLOFFS HAWAII, LLC,<br><br>Debtor. | Case No. 16-01294<br>Chapter 7 |
| DANE S. FIELD, Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>TRASHMASTERS, LLC, et al.,<br><br>Defendants. | Adv. Pro. No. 18-90035<br><br><br><br>Rel. Dkt. Nos.: 476 and 479 |

## ORDER ALLOWING COSTS

This court has entered a final judgment (ECF 469) which sustained

some of the claims of the plaintiff trustee and rejected other claims. The final

judgment permitted any party to request taxation of costs. Both the plaintiff

trustee and defendant Rolloffs Hawaii, Inc. ("ROHI") have filed bills of costs (ECF 476, 479).

Fed R. Bankr. P. 7054(b)(1) provides that "[t]he court may allow costs to the prevailing party except when a statute of the United States or these rules otherwise provides." No exceptions apply here.

Because the phrase "prevailing party" is singular, there can only be one prevailing party, even when several parties are partially successful. *Shum v. Intel Corp.*, 629 F.3d 1360, 1363 (2010). The Ninth Circuit has adopted a test to determine "the prevailing party" in a mixed judgment case. A prevailing party "is one that succeeds on any significant issue in litigation which achieves some of the benefits the parties sought in bringing the suit." *Goddard v. Babbitt*, 547 F.Supp. 373, 375 (D. Ariz. 1982), *citing Sethy v. Alameda County Water District*, 602 F.2d 894, 897-98 (9th Cir. 1978). In other words, the prevailing party must have "received at least some relief on the merits . . . [that] materially alters the legal relationship between the parties by modifying one party's behavior in a way that directly benefits the opposing party." *Shum*, 629 F.3d at 1367-68 (cleaned up).

In this case, the trustee received, not just "some relief on the merits," but rather a judgment for a sizeable sum. The judgment materially alters the legal relationship between the estate and ROHI by requiring ROHI to pay hundreds of thousands of dollars, and that alteration benefits of the estate that the trustee represents. Therefore, the trustee is "the prevailing party" in this adversary proceeding.

The allowance of costs is discretionary, but I decline to exercise my discretion to deny costs.

ROHI contends that I should reduce the amount of costs to reflect the fact that the trustee did not prevail on all of his claims and that some of the expenses were partly attributable to the claims on which he did not prevail. This argument is inconsistent with the Ninth Circuit's view that there can be only one "prevailing party." Further, I have reviewed the cost bill and I find that the trustee would have incurred substantially the same costs if he had never asserted the claims on which he lost. Therefore,

IT IS HEREBY ORDERED that the bill of costs submitted by the trustee in the amount of $5,382.24 is APPROVED and the bill of costs submitted by

3

ROHI is DISAPPROVED.

**END OF ORDER**